JAMES ALLEN *vs.* DANIEL CURTIS AND OTHERS.

An individual stockholder can not maintain an action at law against the directors of a corporation for mismanaging its affairs, or defrauding the corporation.

Such directors are the agents of the corporation, and liable only to it, their principal, for their acts.

An individual stockholder may maintain a petition in equity against the directors of a corporation for misconduct in office, where the corporation is unable to bring a suit at law, or where, through collusion or fraud, it neglects to

seek redress, and an application has been made to the directors for the use of the corporate name to bring suit, which has been refused.

And such petition should proceed as well for all the stockholders as the petitioner, should make the directors and corporation parties, and should allege the neglect of the corporation to seek redress, and the demand and refusal of the use of the corporate name.

ACTION on the case, brought by a stockholder of the Woodbury Bank against the defendants, as directors thereof. The declaration alleged that on the 27th day of September, 1852, the stockholders of the Woodbury Bank appointed the defendants directors thereof, who accepted the trust and undertook to manage and conduct its business and financial affairs in a prudent and skillful manner, but that they did not so conduct the affairs of the bank, but on the contrary willfully and designedly managed the same in an unskillful, careless and reckless manner, making false entries in the books of the bank, loaning money without security, &c., whereby the bank became insolvent, and the stock of the plaintiff wholly worthless and a total loss. The declaration contained three counts substantially alike, the third containing a more direct averment of fraud in the defendants. The defendants demurred generally and the case was reserved for the advice of this court.

*Phelps* and *Buel*, in support of the demurrer.

1. The right of action for the nonfeasance or misfeasance of the directors is in the corporation, from which the directors derive their authority and whose agents and servants they are. The corporation alone can discharge the directors from any liability for mismanagement. Ang. and Ames on Corp., § 312. *Hodges* v. *New Eng. Screw Co.*, 1 R. Isl., 312. *Smith* v. *Hurd*, 12 Met., 371. *Austin* v. *Daniels*, 4 Denio, 299. *Hodsdon* v. *Copeland*, 16 Maine, 314. *Hersey* v *Veazie*, 24 id., 9. *Brown* v. *Van Dyke*, 4 Halst. Ch. 795.

2. An individual can not maintain an action against the directors, because there is no privity between them.

3. The remedy is in chancery and not at law, and the corporation must be a party, because their rights are affected.

Ang. and Ames on Corp., supra. *Smith* v. *Hurd,* supra. *Hodges* v. *New Eng. Screw Co.,* supra. *Hersey* v. *Veazie,* supra. *Robinson* v. *Smith,* 3 Paige, 222. *Cunningham* v. *Pell,* 5 id., 607. *Bishop* v. *Houghton,* 1 E. D. Smith, 566. *Sears* v. *Hotchkiss,* 25 Conn., 171.

4. The declaration of the plaintiff is ill, because it shows the existence and interest of third persons in the subject matter of the suit, who are not made parties to the action. It appears by his own showing that he has no sole cause of action. Goulds Pl., chap. 4, §§ 56, 57; chap. 5, § 109.

*Hubbard* and *Hollister,* (with whom was Cothren,) contra.

1. By the fraud and misconduct of the defendants, the plaintiff has entirely lost his property, described in the declaration. The case is one of *fraud and damage,* as particularly described in the third count of the declaration, and in such a case there is no equity remedy. It must be at law, or nowhere. The case is one of first impression in this state; but the circumstance that no such action has been brought or sustained is no objection to it. Every case must be maintained on principle. Precedent is only valuable in ascertaining and determining the principle. We are constantly seeking redress for newly disclosed wrongs, by the application of old principles. The wrongs committed by the defendants and complained of by the plaintiff, are actionable. The plaintiff must have a remedy.

2. The damage is special to the plaintiff, and it makes no difference that other stockholders are also injured by the same acts of the defendants. The shares destroyed by the defendants were the plaintiff's individual property, which is wholly gone by the destruction of the corporate fund.

3. The defendants acted as a board or unit, and are jointly liable. Their duties were plain, and they willfully and knowingly violated them. It was done in a premeditated and determined manner.

4. An action on the case is eminently the proper remedy for the wrongs complained of. It is the very object of this action to enable the party to state all the *circumstances of his*

*case,* and to have his remedy according to the exigences of it. *Franklin Fire Insurance Co.* v. *Jenkins,* 3 Wend., 130.

5. It is objected that if this action is the appropriate remedy, it is only sustainable by the corporation, and not by an individual stockholder. If this doctrine be correct, the stockholders have no remedy unless the corporation chooses to sue. The directors, having the whole charge of the bank, may refuse to bring any suit. Especially would this be the case where the guilty directors still remain in office, as is true in the case before the court. The directors will not bring a suit against themselves, and thus both the corporation and the stockholders are powerless. This can not be an instance under the axiom that every wrong has a remedy. Besides, a suit resulting favorably to the corporation would be no remedy for the plaintiff. The sum recovered would belong to the corporation and not to the stockholders. It would only go to the place where the directors could squander it again.

6. A corporation may sue and be sued as well upon contracts as for breach of duty or trust. They may also be sued in trespass or trover. If the corporation can be sued, of course its guilty agents may be joined or be sued separately. *Cardin* v. *General Cemetery Co.,* 5 Bing. N. C., 253. *Middletown Bank* v. *Russ,* 3 Conn., 135. *Yarborough* v. *Bank of England,* 16 East, 6. *Smith* v. *Birmingham,* 1 A. & E., 526. *Thayer* v. *Boston,* 19 Pick, 516. *Townsend* v. *Susquehannah Turnpike Co.,* 6 Johns., 90. · 2 Kent Com., lect. 33, p. 284.

ELLSWORTH, J. The three counts of the plaintiff's declaration are substantially the same, so that there is no occasion for making any distinction between them in our remarks upon the case.

The declaration states that on the 21st day of September, 1852, the stockholders of the Woodbury bank made choice of the defendants as directors, that the defendants accepted the office, and that it became in consequence their duty to manage the affairs of the bank with skill and integrity, which they have not done, but on the other hand have conducted

its affairs without skill or integrity, specifying their misconduct; so that they have, through deceit and fraud, wasted and lost the effects of the bank, and made worthless the plaintiff's stock therein.

The charge, if sustained, calls for the severest denunciations and penalties of the law, and more so at this time, if possible, when the want of integrity in the managers of too many of our banks, railroads, and other corporations, is spreading alarm and distress throughout the country, and calling in question the character of all corporations for financial or commercial purposes, and the expediency of creating such corporations. This demurrer, however, admits the truth of the allegations only that the court may try their sufficiency, so that it may or may not be true, in fact, that the defendants are implicated in the charges made against them. Doubtless some of them are implicated and are moreover guilty, if public rumor or judicial investigation may be trusted; nor can we doubt, from what has been publicly disclosed on the subject, that there is criminality somewhere which richly merits a criminal arraignment and an ignominious punishment.

However this may be, it is obvious that the present is not the proper form of redress to be pursued, even for civil purposes, unless we are prepared to break down long established principles of law. No such private suit will lie against the defendants, nor even a bill in equity without more parties are brought in and the allegation of certain further facts.

The general rule of law is, that an action at law must be brought by the person having the title or right to the thing demanded, or to the damages which are sought to be recovered for the injury. Hence the *Woodbury Bank* should have brought this suit. It is *its* property which has been misappropriated and lost, and the damages to be recovered belong to it,—to be sure in trust for bill holders, depositors and other creditors, if any there be, and finally for the stockholders, but for all of them and not for some of them exclusively. The *bank* then must sue. It may compromise, and settle, or release the defendants on terms mutually satisfactory, which

the stockholders can not do, and should th‹ y do it, it would be no bar to a suit afterwards brought by the bank. In this respect the defendants are liable to the bank as any other agents or persons would be for robbing or defrauding it or in any way injuring the corporate property. Now, to permit the plaintiff to recover for himself, as he does if he recovers at all, to the extent of the loss which he suffers in his stock, will be the means of giving him a preference to which he is not entitled. The defendants can be sued only once, and not separately by every one who is indirectly injured by their wrongful acts. Coke Lit., 56 a. *Stetson* v. *Faxon*, 19 Pick., 155.

Besides, the directors of the bank are the agents of the bank. The bank is the only principal, and there is no such trust for, or relation to a stockholder, as has been claimed by the plaintiff. The entire duty of the directors, growing out of their agency, is owed to the bank, which, under the charter, is the sole representative of the stockholders, and the legal protector and defender of their property. Nor is any other protector or defender necessary, until the bank shall neglect its duty in refusing to call the directors to account; in which event, upon a case properly stated, and with proper parties before the court, a court of equity may grant relief, according to the existing exigency.

It is said that the first count states that a promise was made by the directors that they would be honest and faithful in their trust, and that the action is brought on that promise. We discover no such statement, nor do we perceive any essential difference in the three modes of presenting the cause of action in the three counts; but if there be a difference, and the first count states a breach of contract as the cause of action, then the declaration is bad on demurrer, for the other counts are in tort; but as we have said, in their frame and aspect the three counts are not dissimilar; each sets forth a breach of trust, and nothing besides of material importance. Suppose, however, there be a promise, it must be held to be made to and for the corporation, and not severally to and for the individual stockholders of the corporation. If for any

cause the corporation is unable to bring suit, or if, through fraud and collusion, the directors refuse or neglect to bring suit in the corporate name, and will not seek redress, a ground will be laid for invoking the interposition of a court of equity. Here there is no allegation that the corporation is unable to obtain redress, or that through fraud or collusion it refuses to seek it; nor is it alleged that application has been made to the corporation or to the directors for leave to make use of the corporate name to obtain redress and that it has been refused. Had these preliminary steps been taken, it would seem quite proper, from the necessity of the case, for a court of equity to grant relief upon an application by an individual stockholder, if the stockholder should so frame his bill as to proceed for others as well as himself, and make the corporation and the directors parties to the bill.

It has been contended that the declaration shows that these defendants have conspired to defraud both the corporation and the stockholders, and that for this they are liable to the stockholders. We answer that this allegation of conspiracy does not alter the case. The suit is brought for the injury done, and the allegation of conspiracy is irrelevant, or at least superfluous, in an action of tort where the wrong done is itself a good cause of action with or without a conspiracy.

The plaintiff has not favored the court with any authorities in support of such an action, though the case must have been of frequent occurrence, and the absence of authority in its favor is of much weight against the propriety of the action; while, on the other side, several adjudged cases have been read, of the best authority, which are directly in point and quite decisive. *Smith* v. *Hurd*, 12 Met. 371. *Bishop* v. *Houghton*, 1 E. D. Smith, 566. Ang. & Ames, on Corp., § 312. *Hodsdon* v. *Copeland*, 16 Maine, 314. *Hersey* v. *Veazie*, 24 id., 9. We were favored, too, on the trial, with the reading of a letter from the late chancellor Kent, addressed to the late Hon. Simeon Baldwin. Judge Baldwin had sustained a loss by the failure of the Eagle Bank and addressed his friend and classmate to know if he could, as an individual stockholder of that bank, recover from the directors his

loss. Judge Kent replied that he was constrained to say, that after considerable examination, in his opinion he could not. We advise that the declaration is insufficient.

In this opinion the other judges concurred.

Declaration insufficient.