'Thomas C. Black and others *vs.* William. S. Huggins and others.

April Term, 1877.

'Corporation—Suit by stockholders against the officers—Prerequisites.—A bill cannot be maintained by the stockholders of a corporation against its officers for conduct prejudicial to the corporation, to which the corporation is not made a party, and in which no reason is given why the relief sought might not be had through the machinery of the corporation, or in its name.

:Injunction—Concealment of facts—Dissolution.—If, on a motion to dissolve an *ex parte* injunction, it appear that the plaintiff has misstated the case, either by the misrepresentation or suppression of material facts, the injunction will be dissolved on that ground alone.

*Demoss,* for complainants.
*Frizzell,* for defendants.

The Chancellor:—Bill filed March 29, 1877, by a 'majority of the directors and, it would seem, of the stockholders of the Cumberland and Stone's River Turnpike Company, against the defendant Huggins as president and treasurer of the company, and the other defendants as the keepers 'of the toll-gates on the said road. The object of the bill is to have an account of the dealings of the defendant Huggins as president and treasurer, to enjoin the gate-keepers from paying to him the tolls collected by them, and for the appointment of a receiver of the road pending the litigation, or until "the company may be able to take control of the business of the road." The grounds upon which the bill are sought to be rested are the insolvency of Huggins, and the alleged fraudulent transfer by him of all his stock to one J. J. Fleming, who is not made a defendant, and the adoption by the stockholders, at an irregular meeting called by Huggins, and through his manipulation, of certain by-laws intended for his own purposes, and which are asked to be declared null and void. The turnpike company is not made a party to the suit, nor does the bill disclose any facts which show that the stockholders and directors may

not control the company under the provisions of the charter,, without any resort to the courts, or that any proper effort has been made to this end. A preliminary injunction was granted, as prayed, upon the *ex parte* application of the complainants at the filing of the bill.

The defendant Huggins answers, but, also, under the Code, § 4319, demurs to the bill, assigning for causes of demurrer, 1st, that the proper parties are not before the court, the Cumberland and Stone's River Turnpike Com-pany being a necessary party; 2d, that the facts stated in the bill, if true, do not entitle complainants to the relief sought; 3d, that complainants fail to show that proper steps have been taken to obtain relief through and from the company.

The demurrer is clearly well taken. The complainants have no rights whatever in the premises, except such as belong to, and must be worked out by or through, the turn-pike company. The latter is an essential party to the litigation, even if the bill makes out a state of facts which would justify the complainants in asking the active aid of the court in their own persons. No such facts are shown in this case. "The stockholders of a corporation," says Chief Justice Shaw, in *Abbott* v. *Merriam*, 8 Cush. 590, "have no right, by any direct suit, legal or equitable, to call the officers of the corporation to account for mismanagement." "Nor," he emphatically adds, "if all the stockholders were to unite in a suit in equity, could they have any better ground to recover." The general rule is illustrated by a line of well-considered cases, English and American, which also show that a departure from it is only allowed in cases of necessity,. where there would be otherwise a failure of justice. *Foss* v. *Harbottle*, 2 Hare, 461, 490; *Mozley* v. *Alston*, 1 Phill. 790; *Lord* v. *Copper Miners' Co.*, 2 Phill. 740; *Memphis City* v. *Dean*, 8 Wall. 73; *Dodge* v. *Woolsey*, 18 How. 368; *Bronson* v. *La Crosse R. R. Co.*, 2 Wall. 283; *Gayoso Gas Co.* v. *Williamson*, 9 Heisk. 314; *Cogswell* v. *Bull*, 29 Cal. 320; *Hodges* v. *N. E. Screw Co.*, 1 R. I. 312; *s. c.,,*

.3 R. I. 9; *Peabody* v. *Flint*, 6 Allen,'52; *Smith* v. *Poor*, 40 Me. 415; *Allen* v. *Curtis*, 26 Conn. 456; *Gardiner* v. *Pollard*, 4 Bosw. 692; *Charleston Ins. and Trust Co.* v. *Sebrig*, 5 Rich. Eq. 342.

It appears from a transcript of the chancery court at .Murfreesboro, filed with Huggins' answers in this case, that .a similar bill to the one before us was filed by some of the present complainants, on the 10th of October, 1876, and that such proceedings were had in the cause that the injunc- ·tion sued out, which was like the one before us, was dis- .solved upon the defendant Huggins giving a bond, with .good security, in a penalty satisfactory to the court, to account for and pay over, in the manner prescribed by .law, all moneys received belonging to the turnpike com- pany, and to abide by and perform the decrees of the ·court touching such moneys. The bond. was given as required, and the suit is still pending. Not a word in relation to that suit appears on the face of this bill. The ·Cumberland and Stone's River Turnpike road runs from .Murfreesboro to Lebanon, and the court at Murfreesboro was, so far as appears, the most appropriate forum for ·the trial of such a cause. If the pendency of such a suit .had been brought to my attention when the application was made for an injunction, it is obvious that I would not have .granted it without some satisfactory explanation why some ·of the same parties should have begun a similar litigation .about the same matters in this court. The rule is that if, .on motion to dissolve an *ex parte* injunction, it appear that ·the plaintiff has misstated the case, either by the misrepre- .sentation or suppression of material facts, the injunction .will be dissolved on that ground alone. *Hilton* v. *Lord Granville*, 4 Beav. 130; *Clifton* v. *Robinson*, 16 Beav. 355; .*Hemphill* v. *McKenna*, 3 Dr. & W 183; *Endicott* v. *Mathis*, 1 Stockt. Eq. 110. The reason is that the utmost good faith must be required of those who seek to put in motion ·the power of this court through its extraordinary process. .It is true the party may immediately move for a special

injunction upon the facts then before the court. 4 Beav. 130. And, as the dissolution and new motion involve only the question of costs, the rule, under our practice, where the costs are only those of the officers for issuing and executing the process, is of no great importance. But the facts in this case show that the injunction was improvidently granted, and that no injunction ought now to be granted. The defendants' counsel may draw up an order dissolving the injunction, and then an independent decree sustaining the demurrer and dismissing the bill, with costs.