# RUTLAND COUNTY,

## JANUARY TERM, 1883.

[CONTINUED FRON PAGE 1, *ante*.]

---

### SETH PHILLIPS *v.* FRANKLIN POST AND J. B. REYNOLDS.

#### *Ejectment. Deposition. Costs.*

1. The plaintiff granted to the defendants, R. and P., the right for fifty years to dig and remove all ores and minerals found on his farm, and was to receive an annual rent and a royalty. Within one year R. conveyed his interest to P. The plaintiff had continuous possession. R. did not claim title or possession. P. was defaulted; R. disclaimed. *Held*, that ejectment would not lie, and that R. was entitled to his costs.
2. *Deposition,—costs.* The citation was served on the plaintiff at Rutland on the 4th, to appear at New York City on the 8th, to be present at the taking of a deposition to be used in the County Court, which was to commence on the 12th, all of the same month. The deposition was taken by another notary than the one named in the citation. Costs not allowed.
3. R. L. s. 1249, ejectment, disclaimer, construed.

EJECTMENT. Defendant Post was defaulted. Defendant Reynolds pleaded the general issue and notice. Trial by court, September Term, 1882, VEAZEY, J., presiding. Judgment for the plaintiff to recover possession, and $51.50 damages for detention. The facts are sufficiently stated in the opinion and head notes.

*W. C. Dunton* and *Edward Dana*, for the plaintiff.

*W. H. Smith*, for the defendants.

The opinion of the court was delivered by

REDFIELD, J. The action is ejectment. The plaintiff executed to the defendants a contract in the form of a lease, which was duly recorded in the town clerk's office as a deed, therein granting

for a stipulated annual rent and a specific royalty reserved, a right to prospect for, and dig and remove from the described premises, all ores and minerals that might be found on the same. Within one year from the date of the contract Reynolds conveyed all his interest in the lease to the defendant Post. Post is defaulted and Reynolds disclaims and seeks judgment for his costs. The case finds that Reynolds had never been on to said premises, or claimed title or possession of the same. The plaintiff has been in the continuous use and possession of the same without interruption by the defendants.

The office of ejectment at common law is to enable the owner to regain the possession of lands from which he has been wrongfully ousted. This case is wanting in many of the essential requisites of such actions unless aided by the provisions of our statutes. The statute, R. L. s. 1249, provides that " in the action of ejectment, if a defendant disclaims as to the whole, he shall recover his costs unless the plaintiff proves such defendant in possession of the whole or a part of the premises demanded, at the commencement of the action." This defendant was not in possession, nor did he claim possession but disclaimed it, and had conveyed away all claim or title in the premises demanded many years before. To what extent the defendant might be liable on the contract for the stipulated *annuity* in a proper action, we are not required to determine. We think this action cannot be maintained against Reynolds upon the facts found in this case.

The judgment of the County Court is reversed, and judgment for Reynolds to recover his costs. The expense of Post's deposition will not be taxed on defendants' bill of costs.