JOHN WELLS

*vs.*

FRANCIS DANE et als.

Cumberland.    Opinion December 28, 1905.

101   67
f105  409
105   410

*Amendment After Demurrer Sustained.    Waiver.    No Action by Corporation*
*Stockholder, When.    Stockholder may Proceed in Equity, When.*
*Torts by Corporation Officers.*

When a plaintiff amends his writ, after a demurrer to it has been sustained, he waives the right to except to the ruling sustaining the demurrer.

A shareholder cannot sue individually for damages caused by wrongful acts impairing the value of his shares through the invasion of the corporate or collective rights.

In such cases, if the regular officers of the corporation are unable or unwilling to take the necessary steps to protect the corporate property and interests, a shareholder may proceed in equity on behalf of himself and other shareholders and the company.

When the direct injury is not to the shares but to the corporate rights and interests, the right to share in the compensation which the corporation may recover passes to the transferee of the shares. A stockholder who, after such an injury, assigns his stock is in no better position to sue at law than if he had retained it.

Notwithstanding the wrongful acts were done with the specific design and malicious and fraudulent intent of injuring the plaintiff, he can maintain no action when he has sustained 'no loss in addition to that suffered by the corporation.

On exceptions by plaintiff.    Overruled.

Action on the case brought by the plaintiff, a stockholder in the Centrifugal Leather Company, a corporation, against the defendants as officers of said corporation, to recover damages claimed to result from alleged fraudulent action of the defendants as officers of said corporation.

The writ originally contained three counts to which the defendants filed a demurrer which was sustained. The plaintiff was then allowed to amend whereupon he filed two new counts to his declaration. To

these two counts the defendants demurred, and which last demurrer was also sustained. The plaintiff then took exceptions to the rulings sustaining both the former and the latter demurrer.

The case appears in the opinion.

*John Wells*, pro se.

*Bird & Bradley*, for defendants.

SITTING: EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Exceptions to sustaining a demurrer to plaintiff's writ. The writ originally contained three counts. After a demurrer was sustained the defendant was allowed to amend by filing two counts. The defendant filed a new demurrer which was sustained, and the plaintiff then excepted to sustaining both demurrers.

Only the amended counts need be considered. By amending plaintiff waived his right to except to the ruling sustaining the first demurrer. He could not both amend and except, a course which would in effect ask the judgment of this court upon the sufficiency of pleadings which he himself had abandoned.

The amended counts charge that the defendants were directors in the Centrifugal Leather Company, a corporation whose capital stock was one hundred and fifty thousand dollars in shares of the par value of one hundred dollars each; that the legally issued shares of the corporation were nine hundred of which the plaintiff owned three hundred and sixty and controlled one hundred and eighty more; that on Sept. 10th, 1900, the corporation entered into a contract with Francis Dane one of the defendants, which contract is set out in full and related to the developement of the corporate plant and business; that the defendants, wickedly designing to injure and harass the plaintiff, and intending and contriving to cheat and defraud him by depriving him of his right to control the corporation, conspired to mutilate and falsify and did mutilate and falsify the records of the corporation by inserting in the original stockholders' and directors' records the following false and forged vote of the directors purporting to have been passed at a meeting of the directors held on April 4th, 1899, viz:

"Voted,—That in consideration of the services, moneys, rents, machinery, skill and knowledge of the leather business contracted for with the said Francis Dane, as set out in the memorandum of agreement between him and the Centrifugal Leather Company, entered into on April 4th, 1899, there be issued to said Francis Dane, Sixty Thousand Dollars of the capital stock of this company."

It is further alleged that the defendants cut out four pages of the corporation records, which showed that all said Dane's former contracts and agreements with the corporation had been cancelled and annulled and that he did not own said six hundred shares of treasury stock, and inserted in those records the following false and forged vote purporting to have been passed on Sept. 3, 1900:

"Voted,—That the memorandum of agreement entered into between Francis Dane of Hamilton, Massachusetts, and the said Centrifugal Leather Company, being dated at Portland, Maine, April 4th, 1899, in consideration of a certain new contract this day entered into and executed by and between the said Francis Dane and said company, be cancelled and annulled;" and that they altered and falsified the original cancellation of the first contract between said Dane and the corporation by substituting for the following original record of cancellation, viz:   "The above contract is hereby cancelled and annulled by consent of the parties thereto," a falsified record of the cancellation of said contract which now appears on the records of the corporation as follows:

"Portland, Maine, September 10th, 1900.

The above contract is hereby cancelled and annulled in consideration of a contract entered into this day between the Centrifugal Leather Co. and Francis Dane of Hamilton, Massachusetts."

Then follows an allegation that by this mutilation and falsification of the records the true relation and legal rights of the plaintiff in and to his property rights in said corporation were wickedly and wrongfully misrepresented, that in consequence and in pursuance of said corrupt and fraudulent conspiracy and agreement he was defrauded and cheated out of a large amount of property in the corporation, that in consequence of said wrongful and corrupt acts of the defend-

ant the plaintiff was forced into litigation in an effort to maintain his legal rights in the corporation, that he was finally forced to part with his interest in said corporation at a price far below its true value to him, and was unjustly, unlawfully and wrongfully deprived, defrauded and cheated out of a large sum of money.

The wrongful acts charged against the defendants consist in the falsification, mutilation and destruction of the corporate records. These acts were an invasion of the corporate rights. The wrong was done primarily to the whole corporation, and the plaintiff was affected and injured in the value of his shares only through his interest in the corporation and the injury done to its property. Redress for such a wrong must be obtained by the corporation itself through its regularly constituted agents. The plaintiff was not the corporation notwithstanding he owned and controlled a majority of its stock. He did not own or control its property or make or cancel its contracts with the defendant Dane. *Ulmer* v. *Railroad Co.*, 98 Maine, 579. He was injured the same as every other shareholder because of and through the injury to the corporation property and rights. There was no special injury to the plaintiff different from that to all other shareholders, nor were his individual rights injured outside of the injury suffered by the collective entity the corporation. "A shareholder cannot sue individually for damages caused by wrongful acts impairing the value of his shares through an invasion of the corporate or collective rights." *Morawetz Pri. Corp.* section 236 a. In such cases, if the regular officers of the corporation are unable or unwilling to take the necessary steps to protect the corporate property and interests, a shareholder may proceed in equity on behalf of himself and other stockholders and the company. At law, however, the corporation itself representing all those rights can alone recover for such injury. Any other rule would admit of as many suits against the wrongdoer as there were stockholders in the corporation. In fact, by becoming a stockholder in the corporation, the plaintiff entered into an agreement that its management should be delegated to certain officers as its agents, including the power to protect its property, enforce its rights, and seek redress for injuries to the corporate property and rights. If for any reason these agents

are unwilling to act a shareholder may proceed in chancery for the protection of his equitable rights.

There may be cases of injuries to the individual rights of the shareholder where he and not the corporation must seek redress, such for instance as the levying of an unlawful tax on shares held by the individual stockholder, mutilation or destruction of his certificate, or circulating false and scandalous reports or issuing spurious certificates thus creating uncertainty as to the title or validity of existing shares. In all such cases, however, the wrongful act affects the shares directly. They are readily distinguished from the case at bar where the plaintiff claims his shares were depreciated by wrongful acts making possible the issue of six hundred shares of stock without payment therefor. Such a wrong being primarily against the corporation, the redress for it must be sought by the corporation. *Hersey et al.* v. *Veazie*, 24 Maine, 9; *Smith* v. *Poor et als.*, 40 Maine, 415; *Smith* v. *Hurd et als.* 12 Metc. 371. *Allen* v. *Curtis*, 26 Conn. 456, a case charging the making of false entries in the books of the corporation and a resulting depreciation of the plaintiff's stock. *Conway* v. *Halsey*, 44 N. J. L. 462.

It is urged that this is a suit by an individual against individuals and that a different rule applies than in a suit by a stockholder against directors. The fact that the plaintiff has parted with his stock can place him in no better position than that of a stockholder. Whatever injury befell him he suffered as a stockholder; and in a case like this, where the direct injury was to corporate rights and interests, the right to share in the compensation which the corporation may recover passes to the transferee of the plaintiff's shares. *Winsor* v. *Bailey*, 55 N. H. 218. Neither does it matter that the misconduct is charged against the defendants as individuals and not as officers. By whomsoever the wrongful acts were committed and in whatsoever capacity the wrongful doers acted, their acts directly injured the corporate body. Redress must be sought by the party injured. The plaintiff was injured only indirectly and collaterally. When the corporation is indemnified the plaintiff ceases to be a loser.

It is for this reason, viz: that the plaintiff sustained no loss in addition to the loss to the corporation, that the action cannot be

maintained notwithstanding the allegation that the wrongful acts were done with the specific intent and malicious and fraudulent design of injuring the plaintiff. If the plaintiff had suffered any loss in addition to that suffered by the corporation such an allegation would be sufficient although the injury suffered was indirect and consequential.

*Gregory* v. *Brooks*, 35 Conn. 437 ; *St. J. & L. C. R. Co.* v. *Hunt*, 55 Vt. 568. In those cases a wrongful act was done to one with an unlawful intent and design to indirectly injure another, and both were injured. Here there is but one loser and one injury. When the injury is to the collective rights of the shareholders and the corporate property is made good, the plaintiff, who has suffered only in these, will be fully indemnified. There is therefore nothing for which he can maintain a separate suit. Where there is but one loss and one loser there can be but one suit, and that must be by the party who has suffered the loss.

*Exceptions overruled.*