LOUISE J. BLAKESLEE, Plaintiff, *v.* SANTO SOTTILE, Defendant.

Supreme Court, New York Special Term, April, 1922.

Trusts — corporations — business based on agency contract to sell automobiles — duty of one holding company's stock and managing its business as trustee, to endeavor to renew agency contract — inducing manufacturer not to renew but to give contract to another company in which trustee was interested is breach of duty and actionable — parties.

It is sufficient for a pleading that it sets forth facts to which some equitable remedy may be applied.

An action lies against a person occupying the position of trustee of the stock of a corporation if he procures for another corporation in which he is financially interested the renewal of a contract which is the main basis of the business of the former corporation, although the contract with the former corporation contained no right of renewal or enforcible obligation on the part of its contractor to continue the relation.

The contract having but nine months to run from the time the trustees assumed control, their duty consisted not alone in conserving the assets during the period of their incumbency but they were charged with reasonable diligence in an attempt to secure the basic means of carrying on the business of the corporation of whose stock they were the trustees after the contract had expired.

Where, therefore, one of said trustees, whose undertaking and duty it was to see that the corporation was kept a living entity, violated his duty by consenting to, aiding, abetting and conniving at its extirpation, a stockholder, as an individual, has a cause of action against said trustee for the injury sustained by her through his breach of contract.

The failure to include the other stockholders as parties plaintiff or defendant does not invalidate plaintiff's cause of action as each of the parties whose interests have been affected has his individual remedy in so far as the value of his stock has been depreciated by the conduct of the defendant, and defendant's motion for judgment on the pleadings will be denied.

MOTION for judgment on the pleadings.

*O'Gorman, Battle, Vandiver & Levy* (*Isaac H. Levy*, of counsel), for plaintiff.

*David M. Neuberger*, for defendant.

McAVOY, J. The defendant was with two others the sole directors of the Blakeslee Cadillac Company, which was a distributor of Cadillac motor cars in the northern New Jersey territory, and had been such for about ten years prior to 1920. It had established a large business. The profits during 1919 exceeded $100,000. The husband of plaintiff had been the owner of this business prior to his death, and when, after his death, the business and the property employed therein became the possession of plaintiff and her sister, a company known as the Blakeslee Cadillac Company was incorporated to take over the business and property theretofore conducted by plaintiff's husband. The capital stock issued for the transfer of the said business, its contracts and its

property, was divided between the plaintiff, her sister, the defendant, Edward I. Edwards and Marshall Van Winkel. The last three named became the holders, as trustees, of $225,000 of the stock which was the property of the plaintiff and her sister. Business was conducted by the trustees from April, 1920, until February 1, 1921, defendant being the active manager of the business and in actual charge of the purchase and sale of motor cars. On December 31, 1920, the agreement with the Cadillac Motor Car Company expired by its terms; and it is alleged that the defendant induced that company not to continue the agency of the Blakeslee Cadillac Company and persuaded it not to renew its contract with that company, but to enter into an agreement for the sale of Cadillac motor cars for the identical territory which had been the field of operation of the company in which plaintiff owned so large a number of shares of stock with a new corporation called the Jersey City Cadillac Company, promoted by the defendant, and whose organization was fomented, carried out and connived at through his efforts and procurement. This conduct of the defendant is asserted to be such a violation of his duty as a trustee for the plaintiff and as an officer and director and stockholder of the Blakeslee Cadillac Company as to render him liable to account to the plaintiff as his *cestui que trust* for the loss of the business and good will which such conduct brought about to the Blakeslee Cadillac Company and for such profits as accrued to him out of the new company which he organized to take over the former company's contracts by reason of his breach of trust. The plaintiff does not bring this action on behalf of the other stockholders and for the account of the corporation, as a derivative action, but sues individually for the loss accruing to her personally because of the impairment of the company's business by which her investment value in the corporation has been greatly depreciated. The point which goes to the real merit of the action is, will an action lie against a person occupying the situation of the defendant as trustee of the stock of a corporation if he procures for another corporate body in which he is financially interested the renewal of a contract which was the main basis of the business of the former company, although the contract with the former company contained no right of renewal or enforcible obligation on the part of its contractor to continue the relation? I do not doubt but that equitable considerations of the duty of a trustee would compel his acting in good faith in connection with a renewal of the contract, and the situation here was such as to indicate a duty upon his part to do nothing detrimental to the prospect of renewal even though it was legally unenforcible. The contract had but nine

months to run from April 1, 1920, when the trustees assumed control. Presumably those whom they chose as directors would be in office at least for the year ensuing. Their duty consisted not alone in conserving the assets during the period of their incumbency, but they were charged with reasonable diligence in an attempt to secure the basic means of carrying on the business of the corporation after the running period of the contract with the Cadillac Company had expired. The defendant was a director and trustee under the contract by which he accepted the trusteeship of the stock. It was his undertaking and, therefore, his duty to see that the corporate body was kept a living entity. He violated this duty by consenting to, aiding, abetting and conniving at its extirpation. That the corporation may have a suit against him by virtue of his relation to it does not deprive plaintiff of her right against him for the injury which she sustains through his breach of his contract with her. Doubtless the corporation may sue him for his wrong committed upon it. Unquestionably the corporation may have him account for profits derived through his misfeasance as to it. None of these considerations affect the right of the plaintiff to be reimbursed in such damage as she may have suffered for such wrong as runs against her personally through her contract with the defendant. It may be difficult to determine to what extent the plaintiff's stock has been depreciated by the failure of the defendant to perform his contract, but the difficulty does not defeat the right of action. I see no difficulty in the application of the rule that where the wrongful acts are not only wrongs against the corporation but are also violations by the wrongdoer of a duty arising from contract or other obligation and owing directly by him to the stockholders that an individual action may be maintained regardless of the fact of a corporate right to maintain an action for relief in its behalf. The alleged defect in the complaint which is founded upon the failure to include the four other stockholders as parties plaintiff or defendant does not invalidate the cause of action. Each of these parties whose interests have been affected has his individual remedy in so far as his stockholdings have been depreciated by the conduct of the defendant. There is no non-joinder of essential parties for a determination of the right set forth in this complaint. Whether or not the precise remedies demanded in the complaint may all be allotted to the plaintiff is something which will be a matter for formulation in the final decree, and is not now necessary to consider. It is sufficient for a pleading that it sets forth facts to which some equitable remedies may be applied. Motion for judgment on the pleadings denied.

Ordered accordingly.