MAX J. WALLER *v.* HARRY A. WALLER, ET AL.

[No. 10, October Term, 1946.]

*Decided October 30, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Moses Cohen* for the appellant.

*Edward L. Ward,* with whom was *Albert L. Sklar* on the brief, for the appellees Harry A. and Anne S. Waller.

*George L. Clarke,* with whom were *Leonard Weinberg* and *Everett L. Buckmaster* on the brief, for the appel-

lees Harry S. Hyman, David Gerber, Joseph Shapiro and Joseph W. Zerivitz.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was brought by Max J. Waller, appellant, against his brother, Harry A. Waller, and Anne S. Waller, his wife, Isaac Shapiro, Harry S. Hyman, David Gerber, Joseph Shapiro and Joseph W. Zerivitz to recover damages for destruction of the value of his stock in M. Waller Corporation, which dealt in petroleum products. Demurrers to the declaration with bill of particulars were sustained, and judgment was rendered in favor of defendants. This appeal is from that judgment.

Plaintiff alleges in the declaration that an arbitration award made in October, 1941, after the corporation had entered suit for injunction against his brother, provided that plaintiff should be elected president and general manager of the corporation and should receive 101 shares of its voting stock, while his brother should be elected secretary and sales manager and should receive 99 shares of the voting stock; that, in violation of the award, his brother conspired with the other defendants to obtain control of the corporation and did everything he could to ruin plaintiff financially and destroy the value of his stock; and finally defendants succeeded in accomplishing the purpose of their conspiracy when the corporation was placed in the hands of receivers.

The bill of particulars alleges that in 1937, while plaintiff was the president and general manager, and his brother Harry was the sales manager, Isaac Shapiro, Harry's father-in-law, plotted the scheme to acquire control of the corporation; that Harry, in order to carry out the conspiracy, committed various wrongful acts until September, 1940, when the corporation applied for injunction; that the dispute was submitted to Judge Eli Frank as arbitrator, who appointed the two brothers and Samuel J. Fisher, a member of the Baltimore bar, as the directors; but that Harry still continued to commit the wrongful acts; and in September, 1942, when

plaintiff was in the Coast Guard, creditors forced the corporation into receivership. The specific acts recited by plaintiff as breaches of trust by his brother were: (1) That he appeared at meetings of the directors with written questions to harass plaintiff in the performance of his duties; (2) that although the award required all checks to be signed by two directors, he continuously refused to sign checks until "he had made it a source of extreme aggravation and irritation"; (3) that he usurped authority to discharge employees, so that plaintiff sometimes found it necessary to rehire them; (4) that he received money from the sale of products, and failed to pay it over until forced by the other directors; (5) that he induced employees to leave the company to work at the Maryland Baking Company; (6) that he and the other defendants diverted customers to competitors; (7) that he gave discounts to practically every customer, whereas he should have allowed them only to large-volume purchasers; and (8) that he also failed to cooperate with the receivers and they discharged him as sales manager in 1943.

It is a general rule that an action at law to recover damages for an injury to a corporation can be brought only in the name of the corporation itself acting through its directors, and not by an individual stockholder though the injury may incidentally result in diminishing or destroying the value of the stock. The reason for this rule is that the cause of action for injury to the property of a corporation or for impairment or destruction of its business is in the corporation, and such an injury, although it may diminish the value of the capital stock, is not primarily or necessarily a damage to the stockholder, and hence the stockholder's derivative right can be asserted only through the corporation. The rule is advantageous not only because it avoids a multiplicity of suits by the various stockholders, but also because any damages so recovered will be available for the payment of debts of the corporation, and, if any surplus remains, for distribution to the stock-

holders in proportion to the number of shares held by each. *Miller v. Preston,* 174 Md. 302, 199 A. 471; *Wells v. Dane,* 101 Me. 67, 63 A. 324; *Caldwell v. Eubanks,* 326 Mo. 185, 30 S. W. 2d 976, 72 A. L. R. 621, 625; *Stinnett v. Paramount-Famous Lasky Corporation,* Tex. Com. App., 37 S. W. 2d 145; *Cullum v. General Motors Acceptance Corporation,* Tex. Civ. App., 115 S. W. 2d 1196; *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S. W. 2d 216; *Green v. Victor Talking Machine Co.,* 2 Cir., 24 F. 2d 378, 59 A. L. R. 1091, *certiorari* denied 278 U. S. 602, 49 S. Ct. 9, 73 L. Ed. 530.

Generally, therefore, a stockholder cannot maintain an action at law against an officer or director of the corporation to recover damages for fraud, embezzlement, or other breach of trust which depreciated the capital stock or rendered it valueless. Where directors commit a breach of trust, they are liable to the corporation, not to its creditors or stockholders, and any damages recovered are assets of the corporation, and the equities of the creditors and stockholders are sought and obtained through the medium of the corporate entity. *Pritchard v. Myers,* 174 Md. 66, 77, 197 A. 620, 116 A. L. R. 775; *Smith v. Hurd,* 12 Metc. (Mass.) 371, 46 Am. Dec. 690. It is universally accepted that officers and directors of a corporation are not allowed to derive from their position any profit or advantage in conflict with the proper discharge of their duty. If it appears that any corporate official subordinated the interests of the corporation to his own interests, he may become liable to it for any loss he occasioned. *Booth v. Robinson,* 55 Md. 419, 437; *Coffman v. Maryland Publishing Co.,* 167 Md. 275, 289, 173 A. 248. It is, therefore, beyond question that directors have no right to participate in a conspiracy with the object of divesting the corporation of its property and making profit for themselves at the expense of the corporation and its creditors. *Jackson v. Ludeling,* 21 Wall. 616, 22 L. Ed. 492. The rule is applicable even when the wrongful acts were done maliciously with intent to injure a particular stock-

holder. It is immaterial whether the directors were animated merely by greed or by hostility toward a particular stockholder, for the wrongdoing affects all the stockholders alike. *Seitz v. Michel,* 148 Minn. 80, 181 N. W. 102, 12 A. L. R. 1060, 1068. It is accordingly held that a stockholder cannot sue individually to recover damages for injuries to the corporation, notwithstanding that the directors may have entered into an unlawful conspiracy for the specific purpose of ruining the corporation. *Niles v. New York Central & Hudson River R. Co.,* 176 N. Y. 119, 68 N. E. 142; *Parascandola v. National Surety Co.,* 249 N. Y. 335, 164 N. E. 242, 62 A. L. R. 551, 558. We specifically hold that where conspirators ruin a person financially by forcing into receivership a corporation in which he was a large stockholder, in order to eliminate him as an officer and to acquire control of the corporation, the wrongs are suffered by the injured person in his capacity as a stockholder, and the action to recover for resulting injuries should be brought by the receiver. *Miller v. Preston,* 174 Md. 302, 313, 199 A. 471.

Equity, however, disregards the corporate body as a legal entity distinct from its members, and recognizes that while the stockholders have no legal title to the corporate assets, they are nevertheless the equitable owners thereof. Consequently, upon failure of a corporation to institute or prosecute suit against an officer for breach of trust, a court of equity in a proper case will allow suit to be brought and maintained by any stockholder for the benefit of the corporation. *Sears v. Hotchkiss,* 25 Conn. 171, 65 Am. Dec. 557; *Boatright v. Steinite Radio Corporation,* 10 Cir., 46 F. 2d 385; *Anderson v. Derrick,* Cal., 26 P. 2d 463, 464; *Id.,* 220 Cal. 770, 32 P. 2d 1078. Such cases usually arise where the directors own or control a majority of the shares of stock, perpetuate themselves in authority, and defy the minority, and thus the stockholders would be without remedy unless the court interposed its aid. In *Ashwander v. Tennessee Valley Authority,* 297 U. S. 288, 56 S. Ct. 466, 470,

80 L. Ed. 688, Chief Justice Hughes observed: "In such a case it is not necessary for stockholders—when their corporation refuses to take suitable measures for its protection—to show that the managing board or trustees have acted with fraudulent intent or under legal duress. To entitle the complainants to equitable relief, in the absence of an adequate legal remedy, it is enough for them to show the breach of trust or duty involved in the injurious and illegal action." It is recognized, however, that if the courts would open their doors to all complaining stockholders without requiring them to show that it was impossible to obtain redress through regular corporate action, litigation of this kind would be endless. *Caldwell v. Eubanks,* 326 Mo. 185, 30 S. W. 2d 976, 72 A. L. R. 621. Hence, before a stockholder will be permitted to maintain a suit for injury to the corporation, he must allege and prove he requested the directors to institute suit in the name of the corporation, and they refused. *Booth v. Robinson,* 55 Md. 419, 439; *Continental Securties Co. v. Belmont,* 206 N. Y. 7, 99 N. E. 138, 51 L. R. A., N. S., 112, Ann. Cas. 1914A, 777; *City of Memphis v. Dean,* 8 Wall. 64, 19 L. Ed. 326; *City of Davenport v. Dows,* 18 Wall. 626, 21 L. Ed. 938; *Hawes v. Contra Costa Water Co.,* 104 U. S. 450, 26 L. Ed. 827, 832. In addition, where suit is brought by creditors or stockholders of a corporation against the directors to enforce liability for breach of trust, it is not sufficient to allege merely that the receiver of the corporation was requested to enter suit and he refused; it must also be alleged that the receiver's refusal was brought to the court's attention, since the receiver is an officer of the court and acts under its direction. *Pritchard v. Myers,* 174 Md. 66, 78, 79, 197 A. 620, 116 A. L. R. 775.

Unquestionably a stockholder may bring suit in his own name to recover damages from an officer of a corporation for acts which are violations of a duty arising from contract or otherwise and owing directly from the officer to the injured stockholder, though such acts are also violations of duty owing to the corporation. *General*

*Rubber Co. v. Benedict,* 215 N. Y. 18, 109 N. E. 96, L. R. A. 1915F 617; *Mairs v. Madden,* 307 Mass. 378, 30 N. E. 242, 245, 132 A. L. R. 256, 259; *Ritchie v. McMullen,* 6 Cir., 79 F. 522, 533, *certiorari* denied, 168 U. S. 710, 18 S. Ct. 945, 42 L. Ed. 1212; *Chase Natonal Bank v. Sayles,* 1 Cir., 30 F. 2d 178. For example, in *Vierling v. Baxter,* 293 Pa. 52, 141 A. 728, it was held that a stockholder could bring suit against the officers of the corporation for defrauding him of his patents, royalties, and other property, because the gravamen of his complaint was not the damage to the corporation or its stockholders in general but to himself personally. Likewise, in *Cutting v. Bryan,* 9 Cir., 30 F. 2d 754, where a corporate officer entered into a contract to convey to the corporation the title to certain property which had been taken in his own name, it was decided that individual stockholders could bring suit against him, because he held the property in trust for the benefit of the stockholders. Again, in *Blakeslee v. Sottile,* 118 Misc. 513, 194 N. Y. S. 752, where the manager of an incorporated automobile sales agency, who held a considerable amount of the capital stock as a trustee, impaired the business by persuading the automobile manufacturer to transfer the agency's contract to another company, it was held that the owner of the stock could bring suit against the manager for violating his fiduciary duty.

Appellant urged that the arbitration award was a contract and that his brother violated it. Of course, it cannot be questioned that where disputants decide to submit their dispute to arbitration without restriction or condition, the entire proceedings of arbitration and award constitute a contract between the parties and, in the absence of fraud or mistake, the award is binding upon the parties. *Continental Milling & Feed Co. v. Doughnut Corporation of America,* 186 Md. 669, 48 A. 2d 447; *Jones v. Boston Mill Corporation,* 4 Pick. (Mass.) 507, 16 Am. Dec. 358, 364; *Lower Baraboo River Drainage District v. Schirmer,* 199 Wis. 230, 225 N. W. 331, 63 A. L. R. 1165, 1173. In this case, however, the declara-

tion does not allege the violation of any right personal to plaintiff, but only violation of rights common to all the stockholders. Hence, any wrongs committed by defendants were done to the corporation, affected all the stockholders of the corporation, and could be redressed only by an action brought by the corporation or its receivers. It is true that the arbitration award stipulated that both Max and Harry Waller should devote their entire time and attention to the M. Waller Corporation and should not engage in any other business; but this requirement was a duty owing to the corporation, and moreover the award contained an express provision that, in the event of any violation thereof, the corporation should have the right to seek redress by injunction or any other proper remedy. Nor did there exist in this case any fiduciary duty other than that which the law imposes upon all officers and directors. It is generally stated that directors occupy a fiduciary relation to the corporation and all its stockholders, but they are not trustees for the individual stockholders, *Booth v. Robinson,* 55 Md. 419, 436; *Acker, Merrall & Condit Co. v. McGaw,* 106 Md. 536, 557, 68 A. 17; *Llewellyn v. Queen City Dairy,* 187 Md. 49, 48 A. 2d 322, 327. The reason for this distinction is that in law the corporation has a separate existence as a distinct person, in which all the corporate property is vested and to which the directors are responsible for a strict and faithful discharge of their duty, but there is no legal privity or immediate connection between the directors and the individual stockholders.

It is elementary that no action to recover damages for any wrong can be maintained unless brought in the name of the proper party plaintiff. The question whether a particular action at law should be brought by a corporation or by a stockholder therein is decided by determining which has the right of action. Inasmuch as the stockholder in this case has no right of action, the judgment for defendants must be affirmed.

*Judgment affirmed, with costs.*