PER CURIAM.
On petition for rehearing it is suggested that the opinion of the court is not supported by the record. This is a common rehearing complaint but nothing is accomplished by contraverting the point. The petition for rehearing is granted and the original opinion is redrafted with paraphrased, excerpts from the bill of complaint inserted in the appropriate place on pages two and three. As thus amended, the opinion is approved and substituted for the original opinion which is withdrawn. As amended the opinion reads as follows:
Appellants were plaintiffs and appellees were defendants below. In their second amended complaint the plaintiffs alleged that they owned 50 percent of the stock of Metal Extrusions, Inc., and that the balance of the stock in said corporation was owned by Sam Walderman and Ellis Lip-sitz; that each of said named persons contributed $40,000, by way of purchase of stock and loans to the corporation, and constituted its board of directors. The complaint further alleged that in July, 1953, defendants Ben and Sonny Marden and J. J. Pass acquired 250 shares of the capital stock of Metal Extrusions, Inc., from Walderman and Lipsitz; that they paid Walderman $25,000 and Lipsitz $30,000, and they also purchased from said stockholders at face value the obligations of Metal Extrusions, Inc., for money loaned to it by Walderman and Lipsitz.
The complaint then alleged that at a special stockholders meeting held August 3, 1953, Porterfield was elected president, Margulis, vice-president, Sonny G. Marden, secretary and J. J. Pass, treasurer, and that said officers were elected directors of the corporation. The complaint charged that after August 1, 1953, Ben Marden loaned the corporation $30,000, on the security of plaintiffs’ endorsement of a note given by the corporation to Marden, who promised that he would obtain an open line of credit for the corporation in the sum of $100,000 if he were elected chairman of the board of directors. Relying upon this, the number of directors was increased from four to five. Marden was elected as the fifth member and the chairman of the board.' It is charged in the complaint that Marden never intended to perform the promise which was relied upon by plaintiffs; that his representations were false and were made to secure his election as director so he, Sonny Marden, and Pass could control the affairs of the corporation and put it into bankruptcy, as a step in a conspiracy to secure complete ownership of the assets for the benefit of National Steel & Copper Plate Co., the corporate defendant. The two Mardens and Pass excluded plaintiffs from any part in managing the corporation, deliberately and wilfully neglected the business, and interfered with its operations so that the plant closed down. On August 26, 1953, petition in voluntary bankruptcy was filed and an adjudication in bankruptcy was entered same date in United States District Court. On December 21, 1954, an order dismissing the amended complaint was entered, from which order this appeal was prosecuted.
The parties are wide at variance as to the questions presented. Appellants raise two questions, one of which proceeds on the theory that one group of persons acquired stock in the corporation, secured their election as directors, increased the number of directors so as to give them control and then proceeded to force the corporation into bankruptcy and the sale of its assets. The second question of appellants proceeds on the theory that the factual situation in *610 the first question being true, the adjudication in bankruptcy and sale of assets by the bankruptcy court was not res adjudicata of plaintiffs’ claim against the other stockholders and directors for damages. Appellants argue in their brief that the decision of the lower court was not predicated upon this point, but appellants state question in anticipation of appellees’ argument thereon.
So much of these questions is drawn from presumption from what may or may not have been before the court when he dismissed the complaint that we are not satisfied the court had in mind the answer to these questions or that ¡hey were presented by the pleadings. For -all the record shows, the bankruptcy sale was regular and the complaint charges no fraud in connection with the sale. It would be trite to say that the rights of creditors must first be protected in such a proceeding. The whole proceeding easily resolves itself into one where two stockholders of a corporation are seeking to protect themselves by a judgment against the directors to the exclusion of creditors absent any showing that the directors have preferred creditors, secluded assets or were otherwise guilty of fraud. Waller v. Waller, Md., 49 A.2d 449.
In this holding we do not overlook the contention of appellants that “as stockholders in a corporation, they have a cause of action as individuals against the directors who conspired to place the corporation in bankruptcy (when it was not insolvent) and cause its assets to be sold to a new corporation owned by them with resulting damage to plaintiffs.” It is enough to say that as heretofore pointed out we do not find allegations in the complaint sufficient to support this contention.
Unquestionably a wronged stockholder may bring an action against the corporation or its directors when fraud has been perpetrated on him or them. There may be other instances in which he (stockholder) is authorized to bring such an action but a careful study of the pleadings and the record in this case shows no basis for such an action. Then there is another aspect to the case. It was brought when an adjudication in bankruptcy was and is still pending. We are not convinced that plaintiffs should not have applied to the bankruptcy court for relief. There is no showing whatever that if they have a bona fide claim, they are in a preferred class or that they are otherwise different from other creditors. There is dearth of clear showing that the court below committed error.
It is contended on petition for rehearing that this case is controlled by Porterfield v. Gerstel, 5 Cir., 222 F.2d 137, copy of which was included in the record. It appears^ however, that the order appealed from was dated December 21, 1954, while the opinion of the United States Circuit Court of Appeals relied on was dated March 30, 1955, three months later. It is, therefore, apparent that the latter opinion was not before the chancellor and can have no influence on the disposition of the case at bar. The judgment is therefore affirmed.
Affirmed.
DREW, C. J., and TERRELL, HOB-SON and THORNAL, JJ., concur.