846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 GUYS & DOLLS BILLIARDS, INC., Plaintiff-Appellant,
and
Joseph Champion, Kay Champion, Plaintiffs.
v.
John E. McHALE, Jr., Chief of the Prince George's County
Police Department, Officer McBride, # 1042, Prince George's
County Police, Officer Bill Krentzer, Prince George's County
Police, Officer C. Montgomery, Prince George's County
Police, Officer Mendez, Prince George's County Police,
Officer Gene Shook, Prince George's County Police, Officer
Wedge, # 995, Prince George's County Police, Officer William
Whicham, # 628, Prince George's County Police, John Low,
Corporal, # 202, Prince George's County Police, Pvt. House,
# 977, Prince George's County Police, Lt. Andrzejewski,
Prince George's County Police, Pvt. Gambriel, # 1001, Prince
George's County Police, Twenty Unknown Officers of the
Prince George's County Police Department, Prince George's
County, Maryland, a body corporate and politic, Defendants-Appellees.
 
 No. 87-1619.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1988.
Decided April 18, 1988.
 George Harper (Sullivan, Harper & Lahey on brief) for appellant.
 Sherrie L. Krauser for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Guys & Dolls Billiards, Inc. appeals the entry of a protective order and summary judgment against it in a 42 U.S.C. Sec. 1983 suit against Prince George's County, Maryland, and several of the county's police officers. We affirm.
 
 I.
 
 2
 Plaintiffs Guys & Dolls, a bar and billiard parlor, and its owners, Joseph and Kay Champion, filed a 42 U.S.C. Sec. 1983 claim against twelve named and twenty unnamed officers of the Prince George's County, Maryland, police, and against the county itself. Plaintiffs alleged numerous constitutional complaints, all of which amounted to the allegation that the Prince George's County police were harassing Guys & Dolls in an attempt to shut it down. Guys & Dolls' complaint listed nineteen witnesses to the alleged police misconduct.
 
 
 3
 During the course of discovery, the officers propounded a number of interrogatories to Mr. Champion, who was the active operator of Guys & Dolls, concerning essentially all of the facts on which the complaint was based. Mr. Champion failed to respond to the requests, despite the entry of a court order. On December 8, 1986, it was learned that a set of answers later received by the defendants was never seen, signed, or verified by Champion, in violation of Fed.R.Civ.P. 33(a). On December 12, the defendants filed a motion for a protective order relieving the defendants from attending depositions requested by the plaintiffs and a motion for dismissal of the plaintiffs' suit. The defendants refused to attend further depositions requested by the plaintiffs.
 
 
 4
 On January 6, 1988, the district court found that Mr. Champion was in violation of its previous discovery orders, and as a sanction dismissed the suit of Mr. Champion, Mrs. Champion, and Guys & Dolls. Mrs. Champion and Guys & Dolls petitioned the court to vacate the dismissal. On February 20, the district court agreed to reinstate the claims of Mrs. Champion and Guys & Dolls, but enjoined Mr. Champion from presenting any evidence in the case as to matters covered by the unanswered interrogatories. This order essentially prevents Mr. Champion from presenting any evidence whatsoever. No challenge to the order preventing Champion from presenting evidence has been made.
 
 
 5
 The defendants moved for summary judgment on March 17. They first stated that Mrs. Champion's claim must be dismissed because she alleged no violation of her individual rights, and lacked standing to sue in her capacity as a shareholder where Guys & Dolls was able to sue in its own behalf. Defendants also argued that because the court had foreclosed testimony from Mr. Champion, the plaintiffs would not be able to present sufficient evidence in support of their claims to reach a jury. They referred to Mrs. Champion's deposition to show that her recollections of the events in the case were vague, and that she could provide no specific support for allegations that would support recovery. In addition, defendants attached an affidavit from an officer of the P.G. County police, who was not a party, stating that it was not a custom or policy of the department to harass or interfere with Guys & Dolls. Defendants thus argued that plaintiffs would be unable to produce the specific allegations against named officers and the evidence of a custom or policy that would be needed to go to the jury against either the officers or the county.
 
 
 6
 Plaintiffs responded by stating that the police officer's affidavit was self-serving, that Mrs. Champion's deposition answers themselves were sufficient to take the case to the jury (but cited no specific parts of the deposition in support of this claim), and that summary judgment would be premature because the plaintiffs had not been able to complete the depositions. Plaintiffs did not assert that they could bring witnesses other than Mrs. Champion in support of their claims, nor did they attach any affidavits in opposition to the summary judgment motion.
 
 
 7
 The district court first granted the motion for a protective order that was still before it nunc pro tunc, noting that plaintiffs had failed to respond to the December 1986 motion until March 30, 1987. The court then granted summary judgment on the basis of the defendants' arguments described above. Plaintiffs appeal.
 
 II.
 
 8
 As an initial matter, the district court properly dismissed Mrs. Champion's claim. Mrs. Champion alleges no violation of her individual rights, but claims only in her capacity as a shareholder of Guys & Dolls. It is a settled principle of corporate law that shareholders in Mrs. Champion's position lack standing to sue. Guys & Dolls, as a corporate entity, is entitled to bring suit in this situation, and Mrs. Champion may not herself sue as a shareholder. See, e.g., Zimmerman v. Bell, 800 F.2d 386, 390-91 (4th Cir.1986); Gay v. State Deposit Insurance Fund, 521 A.2d 1205, 1211 (Md.1987); Waller v. Waller, 49 A.2d 449, 452 (Md.1946). For this reason we treat the contentions in this appeal as those of Guys & Dolls alone.
 
 III.
 
 9
 Guys & Dolls first challenges the district court's entry of the protective order. It argues that all of the discovery violations in the case were the fault of Mr. Champion, and that it was therefore an abuse of discretion for the district court to enter a protective order affecting Guys & Dolls. This argument fails for two reasons.
 
 
 10
 First, Mr. Champion is owner, president and manager of Guys & Dolls, and was also a party to the suit. For this reason, his interrogatory answers could properly serve for himself and Guys & Dolls. Guys & Dolls is a corporate entity, and its participation in the discovery process was through Mr. Champion. Where a corporate officer commits discovery defaults, it is not an abuse of discretion for the court to impose sanctions on the corporation. See Fed.R.Civ.P. 37(d) (failure of officer or director to answer interrogatories justifies imposition of full range of Rule 37 sanctions); General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204 (8th Cir.1973). In view of the egregious disregard of the discovery rules and orders that appears on the record, we decline to disturb the district court's ruling on this matter.
 
 
 11
 There is a second and even more basic reason why Guys & Dolls' argument must fail. Guys & Dolls did not file an opposition to the motion for protective order until three months after the deadline for such an opposition passed. The district court could thus treat the motion as unopposed. In such circumstances it could hardly be an abuse of discretion for the district court to grant the motion.
 
 IV.
 
 12
 We turn next to Guys & Dolls' challenge to the entry of summary judgment. Guys & Dolls contends that material factual disputes preclude the entry of summary judgment in defendants' favor. We disagree.
 
 
 13
 Summary judgment will lie if, after discovery, it appears on motion that the party bearing the burden of proof on an essential element will be unable to produce proof sufficient to establish the existence of the element. E.g., Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-54 (1986). Examination of Mrs. Champion's deposition leaves no doubt that her testimony alone would not, if believed, have been sufficient to take any of Guys & Dolls' claims to a jury. Her allegations are cast in the vaguest possible terms. In almost every instance where Mrs. Champion was asked to back her allegations with specific knowledge, her response was "I don't know." Guys & Dolls argues that Mrs. Champion's inability to provide a factual basis for the lawsuit does not support the award of summary judgment because it could have called other witnesses to support its claims, including the nineteen witnesses named in the complaint. Guys & Dolls produced no affidavits from these witnesses, however, and indeed did not even mention their potential availability in the opposition to the summary judgment motion. Celotex makes clear that a party cannot "rest on its pleadings" in this way. See 106 S.Ct. at 2554; Fed.R.Civ.P. 56(e). Guys & Dolls would have us find issues of material fact on appeal through information that was never properly presented to the district court. We decline to follow a course that is so clearly at odds with the efficient resolution of disputes that summary judgment is intended to foster.
 
 
 14
 Finally, Guys & Dolls asserts that summary judgment was inappropriate in light of the fact that it had not been able to depose the defendants. It is true that summary judgment should only be granted after a sufficient opportunity for discovery, e.g., Celotex, supra. The district court, however, granted the protective order nunc pro tunc. The opportunity for discovery contemplated by Celotex obviously does not include discovery that might once have been appropriate but was forbidden by a protective order. A lack of discovery that resulted from a valid protective order provides no basis for Guys & Dolls' attempt to escape summary judgment.
 
 
 15
 The judgment of the district court is in all respects
 
 
 16
 AFFIRMED.