608 A.2d 817

Francine TAFFLIN, et al.

v.

Jeffrey A. LEVITT, et al.

Thurman L. GRAVES, et al.

v.

MARYLAND SAVINGS–SHARE INSURANCE
CORPORATION, et al.

Nos. 707 and 708 Sept. Term, 1991.

Court of Special Appeals of Maryland.

July 2, 1992.

Isaac Joe, Jr., Columbia, argued (Lydia K. Darr, Baltimore, on the brief), for appellants, Graves, et al.

Brian P. Flaherty, Philadelphia, Pa., argued (M. Norman Goldberger, Marianne E. Brown and Wolf, Block, Schorr and Solis–Cohen, on the brief), with respect to Tafflin.

Ralph S. Tyler, Deputy Atty. Gen., Baltimore, argued (J. Joseph Curran, Jr., Atty. Gen. and Andrew H. Baida, Asst. Atty. Gen., on the brief), for appellee, MDIF.

Andrew H. Marks, Washington, D.C., argued (Beate Bloch, Luther Zeigler and Crowell & Moring, on the brief), for appellees, MSSIC.

Charles F.C. Ruff, Washington, D.C., argued (David B. Isbell and Covington & Burling, on the brief), for appellees, Venable, Baetjer and Howard.

Ronald W. Fuchs, Shirlie Norris Lake, John S. Vander Woude and Eccleston and Wolf, Baltimore, on the brief, for appellee, Glass and Associates, P.A.

Daniel F. Goldstein, Andrew D. Freeman and Brown, Goldstein & Levy, Baltimore, on the brief, for appellees David Uhlfelder and Robert Pearlstein.

Paul D. Krause, Jayson L. Spiegel and Jordan Coyne Savits & Lopata, Washington, D.C., on the brief for appellees Jerome S. Cardin and Cardin and Cardin, P.A.

Argued before BLOOM, WENNER and HARRELL, JJ.

HARRELL, Judge.

This is an appeal from the dismissal of consolidated cases by the Circuit Court for Baltimore City (Kaplan, J.) on 12 March 1991. The issue presented is whether appellants, depositors of an insolvent savings and loan association, stated a claim that may be brought individually against former officers and directors of the savings and loan and others. The circuit court held that appellants had failed to do so. For reasons we shall explain, we affirm.

*Facts*

These consolidated cases arise out of the failure of Old Court Savings & Loan, Inc. (hereinafter "Old Court"), a state-chartered savings and loan association, and the attendant collapse of Maryland Savings–Share Insurance Corporation (hereinafter "MSSIC"), a state-chartered insurer of

deposits in Maryland savings and loan associations.[1] Old Court was placed into conservatorship on 13 May 1985.[2] On 8 November 1985 the conservatorship was converted into a receivership [3] and Maryland Deposit Insurance Fund (hereinafter "MDIF"), a Maryland governmental corporation, was appointed receiver. MDIF is also the successor-in-interest of MSSIC; all of the assets and liabilities of MSSIC were transferred to MDIF in the wake of MSSIC's collapse.

Appellants are depositors of Old Court who have recovered, largely due to MDIF's efforts, the principal of their Old Court investments but have not recovered all of the interest. Appellees are former directors, officers and accountants of Old Court (hereinafter "Old Court appellees"), former directors and officers of MSSIC (hereinafter "MSSIC appellees"), the law firm of Venable, Baetjer and Howard, which acted as outside counsel to both Old Court and MSSIC, and MDIF, in its capacities as receiver of Old Court and successor-in-interest of MSSIC.

Appellants allege violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. §§ 1961–1968 (1988), as well as state law claims of fraud, breach of contract, unjust enrichment and conversion. According to the complaint, appellees attracted depositors by holding Old Court out to the public as a well-managed and financially sound savings and loan association and by promoting high-yielding, risk-free investments

---

**1.** The development of the 1985 savings and loan crisis in Maryland and aspects of the State's response to the crisis have been described in detail elsewhere. *See United Wire v. Bd. of Savings & Loan,* 316 Md. 236, 558 A.2d 379 (1989); *State v. Hogg,* 311 Md. 446, 535 A.2d 923 (1988); *Brandenburg v. Seidel,* 859 F.2d 1179 (4th Cir.1988); *United Wire v. State Deposit Ins. Fund,* 307 Md. 148, 512 A.2d 1047 (1986); *Chevy Chase Savings & Loan v. State,* 306 Md. 384, 509 A.2d 670 (1986); W. Preston, Report of the Special Counsel on the Savings & Loan Crisis (1986).

**2.** *See* Md.Fin.Inst.Code Ann. § 9–702 (1992 Repl.Vol.) (Function of conservator).

**3.** *See* Md.Fin.Inst.Code Ann. § 9–708(c) (1992 Repl.Vol.) (Powers of receiver).

through advertisements, letters, brochures, responses to telephone inquiries and other means. According to the complaint, Old Court was in fact a "notorious violator of MSSIC regulations as well as state statutory law and regulations" and Old Court appellees had mismanaged the savings and loan and misappropriated its funds. The complaint further alleges that MSSIC appellees, despite their awareness of Old Court's extensive regulatory violations, failed to regulate Old Court in the manner in which they were obligated, while at the same time representing to the public that MSSIC was carrying out its regulatory functions and that Old Court investments were fully insured.

The circuit court dismissed both cases, holding, *inter alia,* that dismissal was required under the rule of *Pritchard v. Myers,* 174 Md. 66, 197 A. 620 (1938). We agree.

We shall include additional facts as necessary in our discussion of the issue presented.

## *Discussion*

■ The appropriate standard of review of the grant or denial of a motion to dismiss is whether the well-pleaded allegations of fact contained in the complaint, taken as true, reveal any set of facts that would support the claim made. *Flaherty v. Weinberg,* 303 Md. 116, 135–36, 492 A.2d 618 (1985).

■ In *Pritchard v. Myers,* 174 Md. 66, 197 A. 620 (1938), the Court of Appeals held that a claim by depositors of an insolvent bank for "damages" caused by mismanagement of the bank's assets belonged to the bank itself, rather than to the individual depositors, and could only be brought by the bank's receiver. "The equities of the corporate creditors [depositors] are to be sought and obtained through the medium of the corporate entity." *Id.* at 77, 197 A. 620 (citations omitted). The *Pritchard* rule is an example of the well established principle that "the courts will not entertain a derivative suit by a stockholder on behalf of a corporation unless it appears that the intra-corporate remedies have

been unsuccessfully pursued by the complaining stockholder." *Parish v. Milk Producers Assn.*, 250 Md. 24, 81–82, 242 A.2d 512 (1968).

> The reason for this rule is that the cause of action for injury to the property of a corporation or for impairment or destruction of its business is in the corporation, and such an injury, although it may diminish the value of the capital stock, is not primarily or necessarily a damage to the stockholder, and hence the stockholder's derivative right can be asserted only through the corporation. The rule is advantageous not only because it avoids a multiplicity of suits by the various stockholders, but also because any damages so recovered will be available for the payment of debts of the corporation, and, if any surplus remains, for distribution to the stockholders in proportion to the number of shares held by each.

*Waller v. Waller*, 187 Md. 185, 189–90, 49 A.2d 449 (1946).

Appellants assert that the requirements of a demand on the receiver and petition to the receivership court set forth in *Pritchard*, 174 Md. at 78–79, 197 A. 620, should not apply in the instant case because they are not asserting derivative claims. Appellants argue that the gravamen of their complaint is that appellees fraudulently induced them to deposit their money in Old Court and, therefore, they have stated a claim of direct injury since they, rather than Old Court, were injured by appellees' fraud. We reject this argument.

In *In re Sunrise Securities Litigation*, 916 F.2d 874 (3rd Cir.1990), a federal court was presented with the same argument as appellants present in the instant case, and similarly rejected the contention of depositors of an insolvent savings and loan institution that they had stated a claim that could be brought individually. The court reasoned as follows:

> Although the allegations are cast in terms of defendants' misrepresentation of and failure to disclose information, we believe that under the distinct circumstances of this case, such allegations do not state a claim of direct injury founded on fraud. The essence of the complaint is that

defendants misrepresented the financial condition of Old Sunrise by failing to disclose that they had mismanaged Old Sunrise rendering the institution insolvent.... The asserted injury emanated from mismanagement, not fraud. Furthermore, in this case, the depositors' loss cannot be separated from the injury suffered by the institutions and all other depositors, and the damages recoverable are assets of the institutions.

Other federal courts have likewise held that the remedy for fraudulent representations affecting all depositors of an insolvent savings and loan association belongs to the institution's receiver for the benefit of all depositors. *See, e.g., Downriver Community Federal Credit Union v. Penn Square Bank,* 879 F.2d 754 (10th Cir.1989); *Brandenburg v. Seidel,* 859 F.2d 1179 (4th Cir.1988).

We find these decisions to be persuasive. Appellees' alleged mismanagement and misappropriation of Old Court funds are assertable by MDIF in its capacity as Old Court's receiver—the damages recoverable for appellees' mismanagement and wrongdoing are assets of MDIF as receiver of Old Court and successor-in-interest of MSSIC.[4] Appellants have alleged no special damages not common to other depositors. They allegedly relied upon misleading information available to all depositors. Appellants' allegations of fraudulent representations are not distinct from the injury sustained by Old Court and all its depositors as a result of appellees' mismanagement and wrongdoing. *See Sunrise Securities,* 916 F.2d at 887 ("The injury—loss of principal or interest—is sustained by all depositors and is incidental to and dependent on injury to the institution."). Under the circumstances, we think the requirements of a demand on the receiver and petition to the receivership court are applicable.

---

**4.** As we shall later explain, this statement does not apply to MSSIC appellees. Appellants' claims against MSSIC appellees are nevertheless barred by the *Pritchard* rule because they are derivative of MDIF's claims, as successor-in-interest of MSSIC, against MSSIC appellees. *See* discussion *infra.*

The alternative, permitting depositors to bring individual actions for such injuries, would invariably impair the rights of other general creditors and claimants with superior interests. In our view, the fact that ... fraud may have induced all of the depositors to make their original deposits does not justify bypassing this equitable and common-sense system for recovery[.]

*Sunrise Securities*, 916 F.2d at 887. *See also Pritchard*, 174 Md. at 79, 197 A. 620 ("In this manner, the jurisdiction of the court will be retained, a multiplicity of suits averted, and the rights and interests of all parties concerned enforced and protected.").

Appellants rely upon *University of Maryland v. Peat Marwick Main & Co.*, 923 F.2d 265 (3rd Cir.1991). We find *Peat Marwick* to be distinguishable from the instant case. In that case, the policyholders of an insolvent insurer brought an action against an independent auditor of the insurer's books, seeking damages allegedly resulting from the auditor's false and misleading certification of the insurer's financial statements. The court held that the policyholders' claims were not derivative of the insolvent insurer's claims. In *Peat Marwick*, however, the policyholders' claims were not premised on conduct that had injured the institution. In other words, the allegations did not link the auditor's actions to injury to the bank. Accordingly, the policyholder's claims were not assertable by the insolvent insurer itself.

■ We recognize that the above distinction does not apply in the instant case with respect to MSSIC appellees. The complaint does not allege that MSSIC appellees actually participated in the mismanagement of Old Court, but rather that they failed to fulfill their own regulatory duties and thus abetted Old Court appellees in their fraudulent misrepresentations. Accordingly, appellants' claims against MSSIC appellees are not assertable by Old Court or by MDIF in its capacity as receiver of Old Court *See United Wire v. Bd. of Savings & Loan*, 316 Md. 236, 245–46, 558

A.2d 379 (1989) (recognizing general rule that insurer has no actionable duty to regulated institutions).

While appellants' claims against MSSIC appellees are not assertable by MDIF as receiver of Old Court, they are assertable by MDIF in its capacity as successor-in-interest of MSSIC. Appellants claim that MSSIC appellees' misrepresentations induced them to deposit their money in Old Court. Nevertheless, we understand the gravamen of appellants' claim against MSSIC appellees to be that they failed to utilize their power and positions to supervise or regulate Old Court in the manner in which they were obligated under MSSIC's charter, by-laws and regulations, while representing to the public that MSSIC was carrying out its regulatory functions and that Old Court investments were fully insured. Thus, appellants' losses due to MSSIC appellees' alleged fraudulent representations are incidental to and flow from breaches of duties to MSSIC itself. *See United Wire v. Bd. of Savings & Loan,* 316 Md. 236, 243, 558 A.2d 379 (1989) (MDIF, in its capacity as insurer, had claim against the former officers and directors of MSSIC for breaches of duties they owed to MSSIC). The losses to MSSIC on account of those breaches are recoverable by MDIF. Accordingly, MDIF in its capacity as successor-in-interest of MSSIC is the proper party to sue for the benefit of all depositors.

Appellants contend that application of the *Pritchard* rule against them is barred by the supremacy clause of the federal constitution. We reject this contention. The two cases relied on by appellants are distinguishable from the instant case. In *Testa v. Katt,* 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947), the Supreme Court overturned a state court's flat refusal to enforce a federal law. In *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), the Supreme Court invalidated the application of a state's time limits for § 1983 civil rights claims against the state, ruling that the time limits conflicted with the remedial purpose of the federal statute and that their enforcement would likely produce different outcomes in state courts

based solely on whether the claim was asserted in federal or state court. The *Pritchard* rule neither forecloses RICO actions against the directors, officers and others of savings and loan institutions nor conflicts with or impedes RICO's goals. The *Pritchard* rule merely requires that derivative claims relating to an insolvent savings and loan association be brought under the supervision of the receivership court in order to assure equitable distribution of recovered claims. Such a neutral rule does not conflict with the purpose of RICO, but rather comports with the federal policy of deterrence underlying RICO. *See In re Sunrise,* 916 F.2d at 881–82.

Appellants also maintain that the *Pritchard* rule does not apply with respect to outsiders, that is, anyone other than former directors and officers of Old Court. We disagree. Appellants offer no authority for their contention. The purpose of the *Pritchard* rule is to insure that the assets of an insolvent institution are divided equally among its creditors in an orderly fashion. If appellants' claims are derivative, then the *Pritchard* rule applies, regardless of whether the individuals sued are corporate "insiders" or "outsiders." As we have already made clear, appellants' claims against appellees are derivative of Old Court's and MSSIC's claims against appellees. Accordingly, it makes no difference that some of the defendants are "outsiders." *Cf. In re Sunrise* (barring RICO action against directors, officers, attorneys and auditors of insolvent savings and loan institution because action was derivative).

Appellants finally argue that the *Pritchard* rule does not bar actions against institutions in conservatorship, so that it does not apply to the Graves appellants. Appellants offer no authority for their contention. Whatever differences may exist between conservatorship and receivership, we do not think they have significance with respect to the *Pritchard* rule. *See Finci v. American Casualty,* 82 Md.App. 471, 477, 572 A.2d 1092 (1990), *rev'd on other grounds,* 323 Md. 358, 593 A.2d 1069 (1991) (a conservator and a receiver have equivalent status in legal actions).

We need not address or consider the other grounds relied upon by the trial court in support of its rulings in view of our opinion as to the application of the *Pritchard* rule.

JUDGMENTS AFFIRMED; APPELLANTS TO PAY THE COSTS IN THEIR RESPECTIVE CASES.