10-2313-cv
Laura Seidl v. Am. Century Cos., Inc. et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:

JON O. NEWMAN,
JOSEPH M. McLAUGHLIN,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*
_____

LAURA SEIDL, individually, derivatively,
and on behalf of all others similarly situated,

*Plaintiff-Appellant*,

v.                                              No. 10-2313-cv

AMERICAN CENTURY COMPANIES, INCORPORATED;
AMERICAN CENTURY INVESTMENT MANAGEMENT,
INCORPORATED; JAMES E. STOWERS, JR.;
JONATHAN S. THOMAS; THOMAS A. BROWN;
ANDREA C. HALL; DONALD H. PRATT; GALE E. SAYERS;
M. JEANNINE STRANDJORD; TIMOTHY S. WEBSTER;
WILLIAM M. LYONS; MARK MALLON; WADE SLOME;
BRUCE WIMBERLY; JERRY SULLIVAN;
JAMES E. STOWERS, III,

*Defendants-Appellees*,

1

AMERICAN CENTURY MUTUAL FUNDS, INC.,
doing business as AMERICAN CENTURY ULTRA FUND,

*Nominal Defendant-Appellee.*

THOMAS I. SHERIDAN, Hanly Conroy Bierstein Sheridan Fisher & Hayes, New York, NY, *for Plaintiff-Appellant*.

GORDON C. ATKINSON (Benjamin H. Kleine, *on the brief*), Cooley LLP, San Francisco, CA, *for* American Century Companies, Inc.; American Century Investment Management, Inc.; James E. Stowers, Jr.; Jonathan S. Thomas; William M. Lyons; Mark Mallon; Wade Slome; Bruce Wimberly; Jerry Sullivan; James E. Stowers, III.

Steuart H. Thomsen, Sutherland Asbill & Brennan LLP, Washington, D.C., *for* Thomas A. Brown; Andrea C. Hall; Donald H. Pratt; Gale E. Sayers; M. Jeannine Strandjord; Timothy S. , Webster; American Century Mutual Funds, Inc., d/b/a American Century Ultra Fund.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Laura Seidl appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) granting Defendants-Appellees' motions to dismiss Seidl's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Seidl brought this action individually, derivatively, and on behalf of all others similarly situated, against Defendants-Appellees, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as asserting state common law claims for breach of fiduciary duty, negligence, and waste.

In an Opinion and Order dated May 7, 2010, the district court granted Defendants-Appellees' motions to dismiss Seidl's second amended complaint for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6). The district court then entered judgment dismissing Seidl's complaint with prejudice on May 10, 2010. Seidl timely filed a notice of appeal on June 9, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

\* \* \*

Seidl raises three primary arguments on appeal. First, Seidl argues that the district court erred in concluding that she failed to allege proximate cause under RICO. Second, Seidl argues that we should vacate the portion of the district court's judgment dismissing her derivative claims for failure to make a demand on Nominal Defendant-Appellee American Century Mutual Funds, Inc.'s Board of Directors. Finally, Seidl argues that, under Maryland law, she has standing to pursue a direct action against the individual corporate officers and directors, and that the district court erred in concluding otherwise.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Nicholas v. Goord*, 430 F.3d 652, 657 (2d Cir. 2005). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949-50. We must accept Seidl's factual allegations as true and draw all reasonable inferences in her favor. *See id.* at 1949. Pleadings that are "no more than conclusions are not entitled to the assumption of truth." *Id.* at 1950. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Determining plausibility, meanwhile, is a "context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

**A.  RICO Proximate Causation**

Seidl argues that the district court erred in concluding that she failed to allege proximate cause under RICO.  Seidl contends that this Court erred in its analysis in *McBrearty v. Vanguard Grp., Inc.*, 353 F. App'x 640 (2d Cir. 2009) (unpublished), which affirmed a judgment by the district court that Seidl stipulated was applicable to this case.  *See McBrearty v. Vanguard Grp., Inc.*, No. 08-cv-7650, 2009 WL 875220 (S.D.N.Y. Apr. 2, 2009).  We decline to consider the merits of Seidl's argument.

We have made clear that an appellate court will not consider an issue raised for the first time on appeal.  *In re Nortel Networks Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).  Below, Seidl never argued that the district court's analysis of proximate causation under RICO was contrary to *Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983 (2010), or any other controlling precedent.  In fact, Seidl not only attested on multiple occasions that *McBrearty* dictated the outcome of this case, but also twice acknowledged that she had not amended her complaint in a way "that would change [the district court's] analysis of the RICO proximate cause issue."  Seidl's argument is therefore waived. To the extent that Seidl has not waived her argument, we conclude that it is without merit.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 458 (2006) (concluding that proximate causation under RICO was absent where the alleged harm was "entirely distinct" from the alleged RICO violation); *In re Am. Express Co. Shareholder Litig.*, 39 F.3d 395, 400 (2d Cir. 1994) (holding that proximate causation under RICO is absent where the alleged injury results from public exposure or disclosure of the alleged RICO violation).

**B. Partial Vacatur of Judgment**

Seidl next argues that the district court's judgment with respect to her derivative claims

4

should be vacated, since Seidl made a post-judgment demand on the board and commenced a different action alleging that she made an appropriate demand, thereby rendering this appeal moot as to her derivative claims. We are not persuaded.

A party "'seeking relief from the status quo of the judgment below [must] demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur.'" *Doe v. Gonzales*, 449 F.3d 415, 420 (2d Cir. 2006) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) (internal alterations omitted)). "In considering whether vacatur of a lower court opinion is warranted when a case becomes moot on appeal, we look to the 'nature and character of the conditions which have caused the case to become moot.'" *Id.* (quoting *U.S. Bancorp*, 513 U.S. at 24). "If the case has become moot due to circumstances unattributable to any of the parties or from the unilateral action of the party who prevailed in the district court, vacatur is usually warranted." *Id.* If, however, "the party seeking relief from the judgment below caused the mootness by voluntary action, vacatur is usually not warranted." *Id.* (internal citation and quotation marks omitted); *see also Alvarez v. Smith*, 130 S. Ct. 576, 582 (2009) (distinguishing mootness caused by a party's voluntary action and "mootness caused by 'happenstance'").

Here, even if we assume that Seidl's subsequent demand on the board renders the appeal as to her derivative claims moot, Seidl is not entitled to a partial vacatur of the district court's judgment. Seidl herself attests that the appeal as to her derivative claims is moot due to her own decision to make a demand, and not due to happenstance or a unilateral action by Defendants-Appellees.[1] We therefore decline to vacate the district court's judgment in part.

_____

[1] Seidl contends that her decision to make a demand was not voluntary, but constrained by statute of limitations concerns. Because Seidl raises this argument for the first time in her reply brief, it is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (noting that an argument raised for the first time in a reply brief is inadequately raised for appellate review).

5

**C. Shareholder Standing**

Seidl finally argues that she has standing to pursue direct claims against the corporate officers and directors named as defendants, and that the district court erred in concluding that Seidl lacked shareholder standing. We find Seidl's argument to be without merit.

Under Maryland law, in determining whether a shareholder may bring a direct suit against corporate defendants, the relevant question is not whether the shareholder suffered injury, but rather "whether the shareholders' injury is 'distinct' from that suffered by the corporation." *Strougo v. Bassini*, 282 F.3d 162, 170 (2d Cir. 2002) (quoting *Tafflin v. Levitt*, 608 A.2d 817, 820 (Md. Ct. Spec. App. 1992)). Where the harm to shareholders flows from injuries to a corporation's business or property, "including those that decrease the value of firm assets or otherwise impair the corporation's ability to generate profits," there is no shareholder standing, and only the corporation may bring suit. *Id.* at 170-71; *see also Shenker v. Laureate Educ., Inc.*, 983 A.2d 408, 425 (Md. 2009) (finding that the alleged injury was suffered solely by the shareholders and not the corporation); *Waller v. Waller*, 49 A.2d 449, 452 (Md. 1946) (noting that a shareholder cannot bring suit against corporate officers or directors to recover damages for a "breach of trust which depreciated the capital stock or rendered it valueless").

Here, Seidl has failed to allege an injury distinct from the losses suffered by the corporation. Seidl's complaint merely makes the conclusory allegation that she and the proposed class members "suffered special injuries not suffered by shareholders in ACMF who were not investors in the [Ultra] Fund." In addition, Seidl seeks compensatory damages representing the loss "in value of [her] investments resulting from Defendants' wrongful conduct." In such circumstances, Maryland law makes clear that a shareholder may not bring a direct suit against the corporate officers or directors. Seidl's argument therefore fails.

6

**D. Conclusion**

We have reviewed Seidl's remaining arguments and find them to be moot, waived, or without merit. *See In re Nortel*, 539 F.3d at 132; *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk