Renee SMITH, Derivatively on Behalf of Herself and All Others Similarly Situated, Plaintiff,

v.

Robert STEVENS, Bruce Tanner, E.C. "Pete" Aldridge, Jr., Nolan D. Archibald, David B. Burritt, James O. Ellis, Jr., Thomas J. Falk, Gwendolyn S. King, James M. Loy, Douglas H. McCorkindale, Joseph W. Ralston, Frank Savage, James M. Schneider, Anne Stevens, and James R. Ukropina, Defendants,

and

Lockheed Martin Corporation, Nominal Defendant.

No. 11 Civ. 7148(JSR).

United States District Court, S.D. New York.

July 30, 2013.

---

Brian C. Kerr, Brower Piven, A Professional Corporation, New York, NY, Ex Kanos S. Sams, II, Lionel Z. Glancy, Glancy Binkow & Goldberg, LLP, Los Angeles, CA, Patrick W. Powers, Peyton J. Healey, Powers Taylor LLP, Dallas, TX, for Plaintiff.

James D. Wareham, DLA Piper US LLP, Washington, DC, John Michael Hillebrecht, DLA Piper US LLP, New York, NY, for Defendants/Nominal Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

By "bottom-line" Order dated October 12, 2012, the Court, after full consideration of the parties' briefing and oral argument, granted defendants' motion to dismiss the amended complaint in the above-captioned case pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1(b). This Memorandum Order explains that ruling and directs the entry of final judgment.

This case is a shareholder derivative suit brought initially by Renee Smith but now by Duane Howell against certain of the directors and officers of Lockheed Martin Corporation ("Lockheed Martin").[1] The initial complaint relied heavily on factual allegations then *sub judice* in this Court as part of the *City of Pontiac General Emp's Retirement Syst. v. Lockheed Martin et al.* securities class action, Case No. 11 Civ. 5026(JSR), which has since settled. Plaintiff's amended complaint added the allegation that "[f]or years, Lockheed has engaged in a pattern and practice of violating the law by submitting false claims and invoices to the United States related to government contracts." Am. Compl., ECF No. 18, ¶ 3. Ultimately, the amended complaint alleged six causes of action: two allege breaches of fiduciary duty arising from the defendants' "disseminating false and misleading information" and "failing to properly oversee and manage the company"; a count premised on "gross mismanagement"; a claim for contribution and indemnification; a claim alleging abuse of

---

1. During a telephonic conference that occurred in August, 2012, the Court was informed that Renee Smith no longer wished to be involved in this suit. Plaintiff's counsel filed an amended complaint on August 16, 2012, asserting a cause of action on behalf of Duane Howell instead of Ms. Smith. The amended complaint does not alter the original caption, in part because the parties dispute whether the substitution of Howell was ap-

propriate. However, since the issues raised in the defendants' motion to dismiss are dispositive, the Court need not reach this dispute over amending the caption. Nonetheless, for the avoidance of confusion, the Court notes that notwithstanding the caption of the case, the parties' briefing and the Court's opinion refer exclusively to the particular causes of action pleaded by Howell in the amended complaint.

control; and a claim alleging waste of corporate assets. *Id.* at 61–65.

■■■ Federal Rule of Civil Procedure 23.1(b)(1) requires this derivative plaintiff to allege that he owned stock in the corporation he sues throughout the period of alleged wrongful conduct. *See* Fed. R.Civ.P. 23.1(b)(1) (the complaint must "allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law."). Similarly, under Maryland law (Lockheed Martin is incorporated in Maryland, Am. Compl. ¶ 11), the "contemporaneous ownership rule" provides that a shareholder does not have standing to recover against directors for acts that took place before the shareholder acquired his interest in the company. *Danielewicz v. Arnold,* 137 Md.App. 601, 769 A.2d 274, 281 (2001) ("This principle, referred to as the contemporaneous ownership rule, provides that 'a shareholder does not have standing to recover against directors for acts which took place prior to the shareholder becoming a shareholder.'"). The contemporaneous ownership requirement serves two related purposes: it prevents aspiring derivative plaintiffs from acquiring the right to sue by purchasing stock, and it ensures that derivative actions are brought by shareholders who have actually suffered injury and thus have a genuine interest in the outcome of the case. *See Silverstein ex rel. Tetragon Fin. Group v. Knief,* 843 F.Supp.2d 441, 445 (S.D.N.Y.2012).

■■■ It is the law of this Circuit that a derivative plaintiff cannot evade the contemporaneous ownership rule by alleging that he owned a share at some point during the period of alleged wrongful conduct—he must have owned shares throughout the period of the wrongful conduct alleged in the complaint. *See id.* at 445 ("the Second Circuit, while rejecting

the continuing wrong doctrine adopted by some other courts, has held that, in order to comply with Rule 23.1(b)(1), derivative plaintiffs must 'have owned stock in the corporation *throughout* the course of activities that constitute the *primary basis* of the complaint.'") (emphasis in the original).

■■■ Notwithstanding these well-settled procedural requirements, the amended complaint avers only that the plaintiff was a shareholder during a "Relevant Period." Am. Compl. ¶ 10. Though capitalized, "Relevant Period" is not a defined term in the amended complaint, and the amended complaint pleads no dates of plaintiff's share ownership whatsoever, much less any allegation that he owned shares "throughout" the alleged wrongdoing.

■■■ Confronted with this problem on the instant motion, plaintiff rather tellingly responds with a patent evasion, arguing that he need not allege the period of plaintiff's ownership with particularity, *see* Pl.'s Mem. of L. in Opp. at 14–15. But the absence of a particularity requirement in this aspect of Rule 23.1 does not mean, in this post-*Twombly* era, that a mere allegation of ownership during an unspecified "Relevant Period" will suffice. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (discussed further below). Indeed, even before *Twombly,* the requirement that something more must be pled was effectively set forth in the Second Circuit's touchstone case on this issue, *In re Bank of New York Derivative Litigation,* 320 F.3d 291 (2d Cir.2003). In that case, the plaintiff attempted to evade the continuous ownership rule by defining a "continuing wrong" using general and vague assertions about the temporal sweep of the wrongdoing. *See id.* at 299 (noting that "on occasion, the Complaint allege[d] that the relevant conduct occurred through 1996 and

'beyond' or 'thereafter.' "). The Second Circuit affirmed the district court's rejection of such vague and conclusory pleading, holding that "merely tacking on such words . . . is insufficient to confer standing on plaintiffs." *Id.* (internal alterations omitted). The Court discerns no reason that why a "tacking on" of a conclusory allegation of ownership during a "Relevant Period" should not meet the same fate.[2] *See also* Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1828 (3d ed. 2012) ("The pleading requirement in Rule 23.1(b)(1) is best satisfied by allegations with respect to each separate claim set forth in the Complaint as to: (1) the dates of the events that are the subject of the action; (2) the dates on which plaintiff acquired shares; and (3) plaintiff's continuous ownership of the shares since their acquisition."). In any event, *Twombly's* subsequent requirement that a pleading state a plausible claim in order to survive dismissal plainly entails that a derivative plaintiff plead a *plausible* allegation of share ownership throughout the period of alleged misconduct, which the complaint just as plainly fails to do. *See generally Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC,* 595 F.3d 86, 91 (2d Cir.2010) (holding that to survive a motion to dismiss, a complaint must "allege a plausible set of facts sufficient to raise a right to relief above the speculative level.")

(quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (internal quotation marks omitted).

This reasoning applies with special force in this case, since counsel's amendment to the complaint added allegations that span several decades—reaching as far back as the 1980s—and exchanged one plaintiff for another, all while maintaining a studied silence about the continuity or dates of the protean plaintiff's ownership of shares. *See, e.g.,* Am. Compl. ¶¶ 44–45. Of course, if plaintiff could satisfy the requirement of continuous ownership, the Court would grant him leave to amend. Accordingly, in an effort to see whether such leave would be futile, the Court, at oral argument on the motion to dismiss, asked plaintiff's counsel what plausible basis he had include an allegation of ownership during a "Relevant Period" in paragraph 10 of the Amended Complaint. Plaintiff's counsel conceded that he did not have the information necessary to represent to the Court that his client owned shares throughout the "relevant period" as required by the continuous ownership rule, *see* Transcript of Oral Argument, ECF No. 25, at 9–13, 23–25. However, another attorney at his firm thereupon sought leave to file with the Court evidence that Howell had owned any shares of Lockheed Martin during the period covered by the amended complaint.

---

2. The district court cases plaintiff cites in his opposition brief, in addition to not being binding on this Court, are not to the contrary. In *Kalin v. Xanboo, Inc.,* the complaint pleaded that "[a]t all times hereinafter mentioned, Plaintiff was and . . . is the owner and holder of record of shares of stock" of the company, 526 F.Supp.2d 392, 407 (S.D.N.Y.2007), and in *Plymouth Cnty. Ret. Ass'n v. Schroeder,* the plaintiff alleged that that it was "a shareholder of [the company] at the time of the wrongdoing alleged herein and has continuously held stock in [the company] since that time. . . ." 576 F.Supp.2d 360, 374 (E.D.N.Y. 2008). In each of these cases, the allegation of continuous ownership, in the context of the factual allegations in which they appeared, provided more than a conclusory assertion of ownership during some undefined "relevant period." In further contrast to this case, neither involved a situation where, as here, an eleventh-hour substitution of plaintiff raised the inference that an allegation of ownership during the "Relevant Period" is implausible. Indeed, in contrast to Renee Smith's Complaint, Duane Howell's Verified Amended Complaint removes the statement of continuous ownership from plaintiff's Verification. *Compare* Verified Compl., ECF No. 1, at 26 *with* Verified Am. Compl., ECF No. 24–1, at 68.

*Id.* The Court granted leave, and thereafter received a faxed submission from plaintiff's counsel on October 3, 2012.[3]

However, plaintiff's faxed submission actually served to confirm not only the implausibility of the claim that the new plaintiff maintained continuous ownership of Lockheed Martin stock during the "Relevant Period," but also the fact that the amended complaint was filed without any adequate attempt by plaintiff's counsel to assure continuous ownership before making the representations contained in the amended complaint. Specifically, the cover letter to the faxed submission indicates that counsel only obtained information about Howell's share ownership on the day after oral argument, and the material appended to the covering letter indicates only that Howell owned shares on April 30, 2009, and February 28, 2010. There is no indication of when Howell purchased the shares he owned on April 30, 2009, nor is there any representation of continuous ownership throughout the long period of misconduct alleged in the amended complaint.

Therefore, in light of plaintiff's failure to plausibly allege continuous ownership throughout the period of putative misconduct alleged in the amended complaint, and given that plaintiff's counsel has demonstrated, in effect, that any attempt to cure this deficiency would be futile, the Court concluded, as reflected in its Order of October 12, 2012, that the amended complaint must be dismissed with prejudice.

■ Independently, moreover, the amended complaint must be dismissed because it does not allege facts that, taken most favorably to the plaintiff, would excuse plaintiff's failure to make the required demand on Lockheed Martin's board that the corporation bring this suit directly. Under Maryland law—which, the parties agree, governs this issue—a shareholder whose alleged injury is a decline in the value of his shares due to the defendants' misconduct toward the corporation may sue on behalf of the corporation (that is to say, derivatively), only if the corporation fails to bring the suit itself. Thus, before bringing such an action, a shareholder must "make a good faith effort to have the corporation act directly and explain to the court why such an effort either was not made or did not succeed." *Werbowsky v. Collomb,* 362 Md. 581, 600, 766 A.2d 123 (Md.2001).

■ Satisfaction of this requirement must be demonstrated in the pleadings. Thus, the Federal Rules of Civil Procedure require a derivative plaintiff to plead with particularity "(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R.Civ.P. 23.1(b)(3).

Here, it is undisputed that plaintiff did not make any demand on Lockheed Martin's corporate board. *See* Am. Compl. ¶ 93. Thus the survival of the amended complaint depends on "demand futility." Maryland, however, defines demand futility narrowly. The Maryland Supreme Court has emphasized that demand futility is "a very limited exception, to be applied only when ... (1) a demand, or a delay in awaiting a response to a demand, would cause irreparable harm to the corporation, or (2) a majority of the directors are so personally and directly conflicted or committed to the decision in dispute that they

---

**3.** A copy of counsel's submission to the Court will be docketed along with this Memorandum Order.

cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule." *Id.* at 620, 766 A.2d 123.

Plaintiff lays claim only to the second of these two exceptions to attempt to excuse his failure to meet the demand requirement, alleging that "a majority of Lockheed's directors are so personally and directly conflicted or committed to the decision in this dispute that they cannot reasonably be expected to respond to a demand in good faith and within the business judgment rule." Am. Compl. ¶ 97. On inspection, however, this attempt fails, on the face of the amended complaint.

Specifically, the amended complaint alleges that at the time this action was commenced, Lockheed Martin's board of directors comprised Nolan Archibald, Rosalind Brewer, David Burritt, James Ellis, Thomas Falk; Gwendolyn King, James Loy, Douglas McCorkindale, Joseph Ralston, Robert Stevens, and Anne Stevens. *See* Am. Compl. ¶ 96.[4] Without reaching the question of independence of all eleven of these board members, the Court notes that the non-conclusory allegations[5] about the interestedness of Archibald, Brewer,

Ellis, Ralston, Loy, and King boil down to the following: all are compensated for their services as directors; all may be personally liable in this action; and Ellis, Ralston, Loy, and King are affiliated with other businesses from which Lockheed has purchased services. *See* Am. Compl. ¶ 97(b)-(e), (g), (j)-(k).

Even when taken most favorably to plaintiff, none of these allegations of the amended complaint, individually, or taken together, plausibly alleges that making a demand on Lockheed's board would have been futile.

 To begin with, the mere fact that directors are compensated does not excuse the demand requirement, *see Werbowsky*, 362 Md. at 618, 622, 766 A.2d 123 (holding that the allegation that directors "are conflicted because of the fees they make as [company] directors, and their presumed desire to retain their directorships" does not show they were "conflicted or controlled ... to the point that a demand upon them would have been futile"). Nor does the allegation that a suit may render a director personally liable excuse demand, *see Seidl v. American Century Companies, Inc.,* 713 F.Supp.2d 249, 260

---

4. While the Amended Complaint alleges that the board was composed of these eleven members, it also alleges that Pete Aldridge was "incapable of making an independent and disinterested decision ..." *See* Am. Compl. ¶ 97(e). If the plaintiff intended to plead that Lockheed Martin maintained a board of twelve directors at the relevant time, on which Aldridge served, the Court, for reasons discussed *infra,* would also conclude that Aldridge was independent.

5. Subparagraphs 97(*l* ), (*o* )-(v) of the amended complaint allege, in the most cursory fashion, an assortment of reasons that the entire board should be deemed disinterested. These paragraphs do not meet the particularity requirements of Rule 23. 1, and, even if credited, would not alter the Court's conclusion that a majority of the Board was independent.

*See In re Oppenheimer Funds Fees Litigation,* 419 F.Supp.2d 593, 596 (S.D.N.Y.2006) (explaining the particularity requirement); *Werbowsky,* 362 Md. at 618–19, 766 A.2d 123 ("Directors are presumed to act properly and in the best interest of the corporation ... their control of corporate affairs should not be impinged based on non-specific or speculative allegations of wrongdoing."). Moreover, several of plaintiff's arguments turn on the contention that the directors' failure to sue by the time the complaint was filed bespeaks a conflict. Such a contention, standing alone, does not excuse demand; indeed, the failure of the directors to act before the complaint was filed suggests "the importance of bringing a demand in order to make directors aware of potential legal claims." *Seidl v. American Century Companies, Inc.,* 713 F.Supp.2d 249, 259 (S.D.N.Y.2010).

(S.D.N.Y.2010) (holding that a bare allegation that directors will be exposed to civil and criminal liability is inadequate to excuse demand under Maryland law).

As for plaintiff's allegation that Ellis, Ralston, Loy, and King are all affiliated with companies that provided services to Lockheed Martin, and that those relationships render them so conflicted as to excuse the demand requirement, it is clear that these allegations do not pass Maryland's relatively strict analysis of demand futility. In particular, the allegations of interestedness here made relate only to tangential and routine business transactions, and not to the misconduct at issue in this case. Even when taken most favorably to plaintiffs, the mere allegation of a routine business transaction between Lockheed Martin and a company in which a director had an interest raises no inference of conflict or impropriety, much less the required showing directors are "so personally and directly conflicted or committed to the decision in dispute" that the presumptive protection of the business judgment rule should not apply. *See Werbowsky,* 362 Md. at 618–20, 766 A.2d 123. *See also id.* at 622, 766 A.2d 123 (upholding grant of summary judgment after noting that "evidence that any routine business between other companies on whose boards [directors] served and [the corporation] interfered with [the directors'] ability to act independently" amounted only to "smoke and speculation.").

Finally, the fact that Ralston's brother-in-law also works at Lockheed Martin does not alter the Court's conclusion that he is sufficiently independent. *See Danielewicz v. Arnold,* 137 Md.App. 601, 633, 769 A.2d 274 (2001) ("In light of the specific factual evidence one must produce in order to demonstrate futility of a demand, we should not simply accept assumptions that a demand would be futile merely based on such [familial] relationships."). Thus, the

Court concludes that, at a very minimum, Archibald, Brewer, Ellis, Ralston, Loy, and King are all sufficiently independent. Since these six compose a majority of the Board, the Court concludes that plaintiff has failed to adequately allege that making the requisite demand on Lockheed's board of directors would have been futile, and grants defendants' motion to dismiss on this additional ground.

Based on the foregoing reasons, the Court hereby confirms its "bottom-line" Order of October 12th, 2012, dismissing the Amended Complaint with prejudice. Clerk of the Court to enter judgment.

SO ORDERED.