Epstein v Ruane, Cunniff & Goldfarb Inc. (2018 NY Slip Op 04970)





Epstein v Ruane, Cunniff & Goldfarb Inc.


2018 NY Slip Op 04970


Decided on July 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Tom, Gesmer, JJ.


650100/16 7065 7064

[*1]Stanley H. Epstein, et al., Plaintiffs, SEP IRA A/C Peter Christopher Gardner, Derivatively on Behalf of Nominal Defendant Sequoia Fund, Inc., Plaintiff-Appellant,
v
Ruane, Cunniff & Goldfarb Inc., et al., Defendants-Respondents, Sequoia Fund, Inc., a Maryland Corporation, Nominal Defendant-Respondent.


Fensterstock, P.C., New York (Evan S. Fensterstock of counsel), and Nelson & Fraenkel, LLP, Los Angeles, CA (Gretchen M. Nelson of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Willkie Farr & Gallagher LLP, New York (Tariq Mundiya of counsel), for Ruane, Cunniff & Goldfarb Inc., Robert D. Goldfarb and David Poppe, respondents.
Ropes & Gray LLP, New York (Robert A. Skinner of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Robert L. Swiggett, Roger Lowenstein, Edward Lazarus and Sequoia Fund, Inc., respondents.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about March 1, 2017 and on or about March 2, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' and nominal defendant's motions to dismiss the complaint as against them, unanimously affirmed, without costs.
Plaintiff failed to allege sufficient facts to establish that a pre-suit demand on the board of the nominal defendant (Sequoia) to prosecute the action would have been futile under applicable Maryland law (see Werbowsky v Collomb, 362 Md 581, 600, 620, 766 A2d 123, 133, 144 [Md 2001]; see also Simon v Becherer, 7 AD3d 66, 72 [1st Dept 2004]; Hart v General Motors Corp., 129 AD2d 179, 182-183 [1st Dept 1987], lv denied 70 NY2d 608 [1987]). The allegations of the complaint do not "clearly demonstrate, in a very particular manner," that "a majority of the directors are so personally and directly conflicted or committed to the decision in dispute that they cannot reasonably be expected to respond to a demand in good faith and within the ambit of the business judgment rule" (Werbowsky, 362 Md at 620, 766 A2d at 144).
When this action was commenced, Sequoia's board had five members. Defendants do not seriously dispute that defendants Robert D. Goldfarb and David Poppe (the Inside Directors) were conflicted. However, plaintiff failed to demonstrate that any of the Outside Directors (defendants Robert L. Swiggett, Roger Lowenstein, and Edward Lazarus), who are "presumed to be disinterested" (Matter of Franklin Mut. Funds Fee Litig., 388 F Supp 2d 451, 470 [D NJ 2005]; see Md Code Ann, Corps. & Assns. § 2-405.3[b]; 15 USC § 80a-2[a][19][A]), was also conflicted.
The complaint alleges no specific facts about Lazarus to rebut the presumption. It alleges that Lowenstein and Swiggett were conflicted due to their longstanding history as Sequoia board [*2]members and relationships with Goldfarb, Poppe, and defendant Ruane, Cunniff & Goldfarb Inc. (the Adviser). However, "[e]vidence of personal and/or business relationships" is not sufficient to excuse a demand (Sekuk v Global Enters. Profit Sharing Plan v Kevenides, 2004 WL 1982508, *5, 2004 Md Cir Ct LEXIS 20, *13, [Md Cir Ct, May 25, 2004]; accord Oliveira v Sugarman, 226 Md App 524, 544, 130 A3d 1085, 1097 [Md Ct Spec App 2016], affd 451 Md 208, 152 A3d 728 [Md 2017]; Smith v Stevens, 957 F Supp 2d 466, 473 [SD NY 2013]). Nor is it sufficient that Swiggett and Lowenstein were compensated for their services as board members (see Werbowsky, 362 Md at 618, 622, 766 A2d at 143-144, 145-146; Scalisi v Fund Asset Mgt., L.P., 380 F3d 133, 140-141 [2d Cir 2004]; Smith, 957 F Supp 2d at 472; Ryan v Morgan Asset Mgt., Inc., 694 F Supp 2d 879, 887 [WD Tenn 2010]).
The fact that Lowenstein and Swiggett "approved or participated in some way in the challenged transaction or decision," and thus may be subject to liability therefor, is also insufficient to demonstrate demand futility (see Werbowsky, 362 Md at 618, 766 A2d at 143; Gomes v American Century Cos., Inc., 710 F3d 811, 817-818 [8th Cir 2013]; Weinberg v Gold, 838 F Supp 2d 355, 360 [D Md 2012]; Seidl v American Century Cos., Inc., 713 F Supp 2d 249, 260-261 [SD NY 2010], affd 427 Fed Appx 35 [2d Cir 2011], cert denied 565 US 1092 [2011]; Franklin Mut. Funds Fee Litig., 388 F Supp 2d at 470).
Poppe's purported "admission" in a New York Times article that he and Goldfarb made all investment decisions does not prove that the Outside Directors were under their domination or control, since they may have acquiesced in these decisions for legitimate business reasons. Moreover, Poppe also admitted that, although he and Goldfarb made the final decisions, they nonetheless "listened to their [the Outside Directors'] input." This is consistent with Poppe's and Goldfarb's roles as portfolio managers and representatives of the Adviser, and typical of the role of an investment adviser to a mutual fund (see Jones v Harris Assoc. L.P., 559 US 335, 338 [2010]).
It is immaterial to the issue of demand futility that two former directors resigned in connection with the decisions at issue here.
In view of the foregoing, we do not reach the merits of plaintiff's underlying claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 5, 2018
CLERK